ICHABOD GOODWIN & others, in equity, vs. CHARLES HARDY & others.

The funds of a corporation, whenever they accrued, are to be distributed among such as are its stockholders when the dividend is declared.

BILL IN EQUITY.
The case is sufficiently stated in the opinion.

APPLETON, C. J. This is a bill brought under the provisions of R. S., 1857, c. 77, § 8, for the purpose of determining "the mode of executing a trust."

The facts are conceded to be truly set forth in the bill.

It appears that on the 1st day of April, 1847, by deed of indenture of that date, the Portland, Saco & Portsmouth Railroad Company granted to the Eastern Railroad Company and to the Boston & Maine Railroad Company, "the liberty as the general agent and attorney irrevocable of the said Portland, Saco & Portsmouth Railroad Company to maintain, use, operate with, and employ exclusively, the said railroad of said Portland, Saco & Portsmouth Railroad Company, in the State of Maine and every part thereof, for the transportation of persons and property during the continuance of the agreement between the parties, under said indenture, and to receive and take from time to time and at all times during the continuance of said agency and contract under said indenture, all the income, issues, and profits of said Portland, Saco & Portsmouth Railroad Company, and all tolls and fares whatsoever for the transportation of persons, freights, property, and things upon said railroad or any part thereof, which had theretofore been or then were established, or at such reasonable rates, as having in view the best interests of all persons concerned therein, should be caused or procured to be established for the time being," &c. The Eastern Railroad Company and the Boston & Maine Railroad Company on their part agreed, that they "would, during the continuance of said

agency and contract under said indenture, pay, or cause to be paid semi-annually, in the months of June and December in each year, to the treasurer of said Portland, Saco & Portsmouth Railroad Company, the sum of three dollars in gold or silver coin of the currency of the United States for each and every share of the capital stock of the said Portland, Saco & Portsmouth Railroad Company, the first payment to be made in June in the year of our Lord one thousand eight hundred and sixty-seven."

The Eastern Railroad Company and the Boston & Maine Railroad Company made their semi-annual payments according to the times of their contract until June, 1863, when they refused to pay " in gold or silver coin of the currency of the United States," and " claimed the legal right to and did make payment to the treasurer of the said Portland, Saco & Portsmouth Railroad Company for the time being for the use of the stockholders of said Portland, Saco & Portsmouth Railroad Company, in legal tender notes, the sum of three dollars for each and every share of the capital stock of said Portland, Saco & Portsmouth Railroad Company;" said legal tender notes being of less value than the gold or silver coin of the currency of the United States. These payments were received by the treasurer of the Portland, Saco & Portsmouth Railroad Company under protest, he " asserting and insisting upon the right of the stockholders to receive the sum of three dollars in gold and silver coin of the currency of the United States."

The Eastern Railroad Company and the Boston & Maine Railroad Company continued, notwithstanding the protests of the Portland, Saco & Portsmouth Railroad Company, to make their several semi-annual payments in legal tender notes, up to June, 1869; and the sums so received were paid and distributed " to the several stockholders, from time to time, being respectively entitled to have and receive the same in their respective proportions."

The Portland, Saco & Portsmouth Railroad Company claimed of the Eastern Railroad Company, and the Boston & Maine Railroad Company, "payment of the difference between the value of the said several payments in legal tender notes of the United States,

Goodwin *v.* Hardy.

. . . and the value of payments in gold and silver coin of the currency of the United States." On the 4th of August, 1869, this claim was compromised, by the payment, by the Eastern Railroad Company, and the Boston & Maine Railroad Company, to the treasurer of the Portland, Saco & Portsmouth Railroad Company, the sum of $180,000, "in full discharge and satisfaction of all claims for diminution of payments before that time due and payable, by reason of the same having been made in legal tender notes of the United States, instead of in gold or silver coin of the currency of the United States."

The money thus received is in the treasury of the Portland, Saco & Portsmouth Railroad Company. No dividend has been declared. The question presented is to whom this money belongs; whether to the several and respective stockholders owning shares when the several semi-annual dividends were paid, or to those who may be stockholders at the time when a dividend, embracing the sum of $180,000, received by way of compromise, shall be declared.

As to this we have no doubt. The stockholders have no claims to a dividend until it is declared. Until that time, it belongs to the corporation, precisely as any other property it may own. When a distribution of the funds of a corporation, whether of the whole or a part, is ordered, it is to be made between those, who, at that time, are the owners of its stock. The law on this subject is very clearly stated by Mr. Justice Sargent, in *Murch* v. *Railroad*, 43 N. H. 520. " The purchaser of a share of stock in a corporation," he remarks, " takes the share with all its incidents, and among these is the right to receive all future dividends; that is, its proportional share of all profits not then divided; and as we understand the law and the usage of such corporations, it is wholly immaterial at what time and from what sources these profits have been earned; they are incident to the share, to which a purchaser becomes at once entitled, provided he remains a member of the corporation until a dividend is made."

It is therefore declared,

That the sum of one hundred and eighty thousand dollars,

specified in the bill, belongs to and is the property of the Portland, Saco & Portsmouth Railroad Company, and that it is to be divided among those who may be stockholders at the time when its distribution is ordered by said corporation, and a dividend declared; and the trustees will govern themselves accordingly.

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.

*W. H. Y. Hackett* and *Nathan Webb*, for the complainants.

*F. W. Hackett*, for certain stockholders.

