S. B. KENNEDY v. THE CITIZENS' NATIONAL BANK, Appellant.

128 561
142 145

**Banks and banking:** PAYMENT OF TAXES BY BANK: RECOVERY FROM 1 STOCKHOLDERS. It is the legal duty of a national bank to pay the taxes assessed against its stock, and it is authorized to deduct the same from dividends due the stockholders, without a

resolution of the board of directors to that effect; and where such payment has been made the claim for reimbursement is a bank asset for the recovery of which an individual stockholder cannot maintain an action against the bank for his own benefit, unless, possibly, the bank has refused to act.

**Appeal:** AMOUNT IN CONTROVERSY: REMITTITUR. A remittitur filed after judgment has been entered is too late to affect the amount in controversy so far as the right of appeal is concerned.

*Appeal from Marion District Court.*— HON. JAMES D. GAMBLE, Judge.

THURSDAY, OCTOBER 19, 1905.

DEFENDANT'S capital stock in 1892 was $50,000, divided into 500 shares. Plaintiff owned 10 shares, which he retained until February, 1899, and then sold them to one Smith, retaining the claim involved in this action. The bank paid the taxes levied on the shares of stock from 1892 to 1897, inclusive, and omitted, until after this action was begun, to charge the same to the individual shareholders. The following table indicates the number of shares assessed, the number exempt, the several amounts paid, and the value of the exemptions:

|  | 1892 | 1893 | 1894 | 1895 | 1896 | 1897 |
|---|---|---|---|---|---|---|
| No. shares exempt | 110 | 171 | 180 | 208 | 160 | 196 |
| No. shares taxed | 390 | 329 | 320 | 392 | 340 | 304 |
| Am't taxes paid | $333 45 | $399 81 | $571 55 | $413 28 | $407 02 | $616 95 |
| Am't exemption | 94 05 | 207 42 | 321 48 | 294 94 | 191 52 | 395 95 |

The plaintiff's stock was assessed the first two years, but not thereafter. The theory on which he bases his claim appears from the amended and substituted petition, alleging that:

It became the duty of the board of directors and officers of said bank to declare dividend from the net earnings of said bank after setting apart a certain amount as a surplus fund, and to pay the same to each of its stockholders equally; that it was also the duty of the defendant, through its accounting officer, to retain from the dividend belonging to each of the

said stockholders sufficient amount with which to pay the taxes due on his or her shares of stock, and to pay the same out of the dividends due to each of the said shareholders in said bank; that during each of the years above named the board of directors and officers of said bank set apart a large amount of the net earnings of said bank as dividends to be divided among its stockholders, which should have been equally divided according to the amount of stock held by the members in said bank, but plaintiff alleges that said dividends, when distributed, were not equally distributed; that, instead of deducting the taxes assessed against each member's stock from his individual dividend, the defendant wrongfully took the whole amount of the taxes assessed against the whole of said stock from the gross amount of dividends, and then divided the remainder equally among its shareholders; that by so doing the said dividends were not equally divided, and certain shareholders were thereby given a preference over this plaintiff, in this: They were paid their tax due upon their stock from the money that should have been divided equally, and in which this plaintiff was entitled to share, and then, in addition they received the same amount in dividends that this plaintiff did proportionately.

The answer, among other things, admitted a dividend of $2,000 was declared in 1895, and the sum of $4,000 each year from 1896 to 1899, inclusive. That these were distributed *pro rata* among the stockholders is not questioned. There was no proof that accumulated profits were set apart as dividends, save as above, or that any dividend other than those admitted had been declared.

On hearing, judgment was entered for $42.60, with interest. The defendant appeals.— *Reversed.*

*Crozier & Welch,* for appellant.

*Hays & Amos,* for appellee.

LADD, J.— I. The defendant bank, as was its duty, paid the taxes levied against the shares of stock from 1892 to 1898, inclusive, but neglected to retain the respective

amounts from the dividends . subsequently declared, or to enforce the lien thereof against the stock, as permitted by statute. See section 819, Code 1873 (section 1325, Code 1897). No resolution by the board of directors was necessary,

1. BANKS AND BANKING: payment of taxes by bank; recovery from stockholder.

and none was adopted. Nothing in the record indicates whether any profits of individual stockholders were on hand, as alleged in the petition, and there is no pretense that a tax dividend was declared, as in *Redhead v. Iowa National Bank,* 127 Iowa, 572. The taxes were paid by the bank, as agent of the stockholders, in pursuance of statutes so requiring; and under the Code of 1873 it had the right " to retain so much of any dividend belonging to any shareholder as shall be necessary to pay any taxes levied upon his shares."; and under the Code " the corporation may recover from each stockholder his proportion of the taxes so paid, and shall have a lien on his stock and unpaid dividends therefor. If unpaid dividends are not sufficient to pay such tax, the corporation may enforce such lien on the stock by public sale of the same," etc. These claims for the repayment of the taxes, then, were assets of the bank. It had the right to collect them the same as any other indebtedness owing it, and from its omission or neglect to do so no liability in favor of any individual stockholder arose. As said, the debt belonged to the bank, and not to him, and under all the authorities he may not maintain an action thereon for his own benefit. Had the bank declined, upon demand, to enforce restitution of the taxes by it paid for the benefit of shareholders, possibly an action therefor might have been maintained in its behalf by a stockholder. See *Dillon v. Lee,* 110 Iowa, 156; 10 Cyc. 963 *et seq.* But no such demand was made, and, moreover, this action is against the bank, and not the stockholders from whom the indebtedness is due. An individual stockholder has no more right to maintain an action for his share of them than he would for money improvidently loaned or outstanding, because of the bank's

omission or neglect to insist upon its payment. That such an action cannot be maintained is elementary. Helliwell on Stock and Stockholders, section 325; *Lockhart v. Van Alstyne,* 31 Mich. 76 (18 Am. Rep. 156); *Goodwin v. Hardy,* 57 Me. 143; *Williston v. Railway,* 13 Allen, 400.

II.    The trial judge declined to certify the cause for appeal, and appellee has moved for dismissal on the ground that the amount in controversy does not exceed $100. The petition claimed more, but on the day following the decision, construed on the former appeal not to constitute a judgment, (119 Iowa, 123), plaintiff filed a remittitur for all amounts claimed in his petition in excess of the amount found by the court to be due the plaintiff. Appellant rightly insists that this was after judgment had been rendered, and therefore too late. On June 13, 1904, the plaintiff filed his motion for judgment *nunc pro tunc,* which was sustained, and judgment entered on the same day for " the sum of $42.60, with interest thereon at the rate of 6 per cent. per annum from the 13th day of March, 1900, together with costs of this action, taxed at —— dollars; this judgment to have force and effect as though entered on the 8th day of March, 1900." This fixed the time judgment was in fact rendered as definitely as though it actually had been spread upon the records of the court on the last named date. In view of the judge's memorandum, the accuracy of the entry may be doubted; but as plaintiff has not appealed, and defendant is content, the finding must be treated as a verity, and the filing of the so-called remittitur held to have been after judgment, and therefore too late to affect the amount in controversy

*2. APPEAL: amount in controversy: remittitur.*

The motion to dismiss is overruled.— *Reversed.*