E. A. TROUTMAN, Appellant, v. COUNCIL BLUFFS STREET FAIR AND CARNIVAL COMPANY ET AL.

Corporations: DISSOLUTION AT SUIT OF STOCKHOLDER. A defect in the
1  acknowledgment of articles of incorporation and failure to give the statutory notice, does not deprive the corporation of a *de facto* existence, and is not ground for winding up the corporation at the suit of a stockholder, while it remains solvent.

Same. Where a disposition of the funds of a corporation is by its
2  articles left to the discretion of the board of directors, a stockholder and member of the board who is not a beneficiary nor entitled to share in a distribution of its funds, cannot in his individual

capacity maintain an action to appoint a receiver and wind up its affairs because of an alleged unlawful diversion of funds; especially where as an officer of the corporation he has participated in the investment of funds of which he complains. Suits of this character must be brought by the directors for the benefit of the corporation, unless the directors refuse to act when the stockholders may then proceed.

**Same.** So long as a corporation is solvent and acting within the scope of its authority, a stockholder cannot control its actions by proceedings to have it dissolved, simply because he is dissatisfied with its management.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

### THURSDAY, APRIL 8, 1909.

ACTION to have a receiver appointed to wind up the affairs of the defendant as a pretended corporation or a copartnership, and to have its funds disposed of as justice and equity might require. There was a trial on the merits, at the conclusion of which the court dismissed plaintiff's petition, and he appeals.—*Affirmed.*

*S. B. Wadsworth,* for appellant.

*Harl & Tinley,* for appellees.

McCLAIN, J.—In 1903 the plaintiff, with seven others, who are made defendants, attempted to organize the defendant corporation, which was to have a capital stock of $10,000, divided into two hundred shares of $50 each, to be paid for in money or property as the board of directors might determine, and each of the parties thus associating themselves together subscribed for one share, for which they gave their respective notes, which have never been paid. The object of the corporation was to organize and conduct annual commercial and industrial street fairs and

carnivals in the city of Council Bluffs, and to acquire, by purchase or lease, the necessary grounds, buildings, rights and privileges for that purpose. The power to conduct the affairs of the corporation was vested in a board of directors of eight members, which was authorized to elect officers. The board of directors was to be elected annually from the stockholders, and the incorporators constituted the first board, being equal in number with the membership of the board. The corporation had the right to conduct the business for which it was organized with the view of earning a profit, and the incorporators and stockholders were not to share in any manner in the profits, or receive any portion of the earnings as dividends or otherwise, but annually the amount of profits earned was to be ascertained by the board of directors, and at least seventy-five percent thereof expended for some charitable purpose or public enterprise or donated to some charitable, public or benevolent organization, the balance to be set aside to meet any future losses and repay any advances made by the stockholders to the corporation, and it was further provided that, should the corporation cease business or become dissolved by limitations or otherwise, all money remaining in the treasury, excepting the amount derived from the sale of stock, should be donated to some benevolent institution, or to some charitable purpose, or to some public organization to be expended for some charitable purpose or public enterprise. In the disposition of profits the board of directors is given absolute authority. The plaintiff was chosen secretary of the board of directors, and continued in office for three years, during which time he received a small salary. No other salaries were paid to officers or directors.

The corporation proceeded to conduct street fairs and carnivals from year to year in pursuance of the authority which, by the purport of its articles, was given to it, and during the first three years accumulated a fund of about $16,000, over $12,000 of which was invested, by the board

of directors, in purchasing outstanding or unredeemed stock of the Elks' Building Association, a corporation organized to erect a building for the Council Bluffs' lodge of the Benevolent Order of Elks, for which the lodge was to pay rent so long as the stock was outstanding. One of the directors of the defendant corporation, being a member of the Elks' Lodge, tendered this stock to the lodge as a present, but the lodge refused to receive it, on the ground that there was some order of the grand lodge prohibiting subordinate lodges from being in any way connected with, or party to, the giving of street fairs and street carnivals. This stock, and about $3,000 deposited in a bank, constitute the assets of the defendant corporation. During the period of three years above referred to the directors of the corporation appropriated various sums of money to charities, and a considerable amount to a public improvement, and since that all the funds realized from street fairs and carnivals have been appropriated to objects of which plaintiff makes no complaint. It should also be stated that of the receipts during the first three years a considerable sum consisted of donations by citizens of Council Bluffs who desired to promote the objects of the corporation, and that various charitable organizations assisted in carrying on the street fairs; further that various sums of money, aggregating $8,000 or $9,000, were appropriated to purposes not complained of by plaintiff. During the first three years of the existence of the corporation as above indicated the plaintiff was a member of the board of directors of the company, as well as its secretary, and was present at, and kept the record of, each of the meetings at which disposition of funds was ordered to be made, and indicated no protest with reference thereto; indeed, it appears from the record that he introduced the first order for the investment of funds in the Elks' building stock. In view of the facts as above recited we think appellant's contentions in argument may be easily disposed of.

The first of these is that the corporation was never legally organized because there was a defect in the acknowledgment of the articles of incorporation and a fail-

1. CORPORATIONS: dissolution at suit of stockholder.

ure to give the statutory notice, and that therefore the pretended corporation is in fact only a partnership. But it is evident that this objection is of no avail to the appellant in his present action. If he were a creditor, he might, no doubt, under Code, section 1616, hold the other stockholders individually liable for the corporate debts, were it not for the fact that he was equally at fault with the other stockholders for the defect in the proceedings. *Seaton v. Grimm,* 110 Iowa, 145. But these defects in the proceedings for incorporation do not deprive the corporation of a *de facto* standing, and are not grounds for winding up its affairs so long as it remains solvent and able to pay its obligations. Its existence as a corporation *de jure* would be subject to question in direct proceedings only. *Cedar Rapids Water Co.* v. *Cedar Rapids,* 118 Iowa, 234, 252.

The further contention for appellant is that the corporation has failed to carry out the purposes for which it was organized. But we can not see how plaintiff, having

2. SAME.

participated in and approved of the very action now alleged to constitute a breach of duty on the part of the corporation, can in his own name and right make such complaint. He is not suing as a beneficiary for whom the corporation holds funds in trust, nor is he by the articles entitled to share in the distribution of those funds. The purposes for which the funds should be appropriated were left entirely to the discretion of the board, and we do not understand on what grounds a court of equity can be asked to appoint a receiver to exercise such discretion. There is nothing in the record to indicate that the Elks' building stock is not of substantial pecuniary value indeed, so far as we can see, we are bound to assume under the record that it is worth

what was paid for it, and the corporation, therefore, has assets subject to distribution at the discretion of the directors in the manner contemplated by the articles.   In fact we are not advised by the record that the Benevolent Order of Elks is not a benevolent institution to which funds might be appropriated by the directors under the articles.   However this may be, plaintiff is in no situation to complain, for he is not a beneficiary, nor is he entitled to share in the funds should the corporation be wound up in a proper proceeding.   If the action of the directors in appropriating the funds of the corporation to the purchase of the Elks' building stock was an unlawful diversion of funds, then it is for the corporation to complain; and, while stockholders may act for the corporation if on demand the officers and board of directors refuse to take proper action in the premises, the suit thus brought by stockholders must be for the benefit of the corporation, and not in their individual right.   *Dillon v. Lee,* 110 Iowa, 156; *Kennedy v. Citizens' Nat. Bank,* 128 Iowa, 561; *Schoening v. Schwenk,* 112 Iowa, 733:   This action is not even ostensibly in the name or interest of the corporation, but to secure a winding up of its affairs and a dis-

3. SAME.  tribution of its funds.   So long as the corporation is acting within the scope of its authority as a corporation and is solvent, plaintiff, as a minority stockholder, can not control its actions by proceedings to have it dissolved because he is dissatisfied with the method in which it is being conducted.   *Wallace v. Pierce-Wallace Pub. Co.,* 101 Iowa, 313; *Platner v. Kirby,* 138 Iowa, 259.

We reach the conclusion that there is no equity in plaintiff's bill, and that the trial court did not err in dismissing his action.—*Affirmed.*