[No. 8017. Department One. November 9, 1909.]

FRANK J. KWAPIL, *Respondent,* v. BELL TOWER COMPANY *et al., Appellants.*[1]

PARTNERSHIP—ACTIONS BETWEEN PARTNERS—SETTLEMENT. Partners cannot recover from a copartner money received by him until after a full settlement of the partnership business.

CORPORATIONS—EXISTENCE—DE FACTO CORPORATIONS—COLLATERAL ATTACK. The failure to execute articles in triplicate and keep one copy in the office of the corporation, does not affect the *de facto* existence of a corporation otherwise duly incorporated, and followed by user; and in such case the incorporation cannot be collaterally attacked in a civil action between the corporation and third persons.

CORPORATIONS—OFFICERS—ACTIONS AGAINST—EVIDENCE — SUFFICIENCY. The evidence is sufficient to show that an officer of a corporation had overdrawn his account, where there was a dispute as to the amount of his salary, but he had kept the books, and entered the salary as claimed by the corporation, had admitted to others that such sum was correct, and that he had overdrawn his account, and the books showed that he had taken more than the salary entered.

[1]Reported in 104 Pac. 824.

Appeal from a judgment of the superior court for King county, Morris, J., entered October 28, 1908, in favor of the plaintiff, upon dismissing defendant's cross-complaint, in an action for the appointment of a receiver for a corporation, and for an accounting. Affirmed in part and reversed in part.

*Herr, Bayley & Wilson*, for appellants.

*John E. Ryan*, for respondent.

Rudkin, C. J.—In the early part of the year 1903 the plaintiff and the individual defendants, Bell, Tower and Kerr, formed a copartnership for the purpose of conducting a general brokerage and commission business in the city of Seattle. The three defendants named contributed $2,500 each towards the capital of the firm, against which the plaintiff agreed to contribute his time and services. The plaintiff claims that he was to receive one-fourth of the profits of the firm business and his living expenses, while the other members of the firm claim that he was to receive one-fourth of the profits and a fixed salary of $60 per month. The terms of the agreement as to the plaintiff's salary is one of the questions to be determined on this appeal. The business of the copartnership was conducted under this agreement until the latter part of the year 1905, during which time further contributions to the firm capital were made.

Late in that year a corporation was formed for the purpose of taking over the copartnership business. Articles of incorporation were filed in the office of the secretary of state, and in the office of the county auditor of King county, and the corporation paid its annual license fee from the time of its incorporation, but it seems that the articles were not executed in triplicate, and that no copy was retained in the office of the company. The business and property of the copartnership was immediately turned over to the new corporation, and the plaintiff became its secretary and general manager, continuing in that position until late in the year

1906. Thereafter the defendants Tower and Kerr occupied the same position in succession. The present action was instituted against the Bell Tower Company, an alleged corporation, and Bell, Tower and Kerr individually, for the appointment of a receiver, an accounting, and for general relief. Inasmuch as the plaintiff's complaint was dismissed, and no appeal has been prosecuted from that part of the judgment, a further statement of his case is not deemed material. The defendant Bell Tower Company filed a cross-complaint against the plaintiff, under which it sought to recover the sum of $2,459.68, alleged to have been withdrawn from the assets of the corporation by the plaintiff. From the judgment dismissing the cross-complaint, the present appeal is prosecuted.

No findings of fact were made, and the record does not disclose the reasons or grounds for the court's decision. If there was no corporation *de jure* or *de facto*, and the respondent and the individual appellants are still copartners, the judgment dismissing the cross-complaint was right and must be affirmed, for in that event the individual appellants would only be entitled to recover from the respondent such sum as might be found due after a full settlement of the partnership business, and no such settlement has been made, and there is nothing in this record upon which a settlement could be decreed. If, on the other hand, the Bell Tower Company is a corporation *de jure* or *de facto*, and the respondent has withdrawn funds from its treasury to which he is not entitled, we see no reason why judgment should not be rendered in favor of the corporation on its counterclaim. We deem it unnecessary to consider whether the Bell Tower Company is a corporation *de jure* so that it could defend against a *quo warranto* proceeding instituted on behalf of the state, for we are clearly of the opinion that it is a corporation *de facto*, and that its existence cannot be called into question collaterally.

"When a body of men are acting as a corporation under color of apparent organization in pursuance of some charter

or enabling act, their legal authority to act as a corporation cannot be questioned collaterally, but only in a direct proceeding in the nature of *quo warranto*." Taylor, Private Corporation, §145.

"Color of apparent organization under some charter or enabling act," says the supreme court of Minnesota, "does not mean that there shall have been a full compliance with what the law requires to be done, nor a substantial compliance. A substantial compliance will make a corporation *de jure*. But there must be an apparent attempt to perfect an organization under the law. There being such apparent attempt to perfect an organization, the failure as to some substantial requirement will prevent the body being a corporation *de jure*; but, if there be user pursuant to such attempted organization, it will not prevent it being a corporation *de facto*." *Finnegan v. Noerenberg*, 52 Minn. 239, 53 N. W. 1150, 38 Am. St. 552.

The only defect pointed out in the organization of the appellant company was the failure to execute its articles in triplicate, and to retain one copy in the office of the company. In our opinion there was a substantial compliance with the law, and the appellant company is a corporation *de jure*, but in any event the attempted organization was followed by user, and the existence of the corporation cannot be inquired into in this collateral proceeding.

The only remaining question is, Did the respondent withdraw money from the treasury of the corporation to which he was not entitled? The books kept by the respondent show that he withdrew $1,057.03 over and above one-fourth of the profits and his salary computed at $60 per month, and if his salary was fixed in that sum the corporation was entitled to judgment for the overdraft. The respondent testified, in substance, that he gave up a salary of $1,500 per annum in Montana to join the copartnership, that he did not know what it would cost to live in Seattle, and that while $60 per month was suggested, his copartners expressly agreed that he should have his living expenses in addition to one-fourth of the profits. A letter written by the respondent to the appel-

lant Tower, shortly before the formation of the copartnership, shows that the respondent was receiving a salary of $85 per month in cash, his room free, and board at reduced rates, which would make his monthly salary equal to about $100. It would seem improbable that business men residing in another state would enter into so flexible and indefinite a contract as that for which the respondent contends. He kept the books of the corporation and copartnership himself, and entered his salary upon these books at $60 per month.

As against the testimony of the respondent we have the testimony of two of the appellants who were present when the copartnership agreement was made. They testify explicitly that the respondent was to receive one-fourth of the profits and $60 per month, and no more. A third witness, present in Seattle when the affairs of the company were under discussion, testified that the respondent stated, or admitted in his presence, that $60 per month was the salary agreed upon. The last-named witness and others also testified that from time to time the respondent admitted to them, or in their presence, that he had overdrawn his account with the corporation to the amount shown by the books, and promised to refund the same. Under this testimony we have no hesitation in saying that the appellant Bell Tower Company is entitled to judgment against respondent in the sum shown by his entries in the books of the company.

The judgment of the court below is therefore reversed as to the appellant Bell Tower Company, with instructions to enter judgment in its favor against the respondent in the sum of $1,057.03, with interest and costs. As to the individual appellants, the judgment of dismissal is affirmed.

CHADWICK, GOSE, and FULLERTON, JJ., concur.

MORRIS, J., took no part.