HENRY QUELLMALZ LUMBER & MANUFACTURING COMPANY, Appellant, v. TOM HOLLOWELL, Warden, Appellee.

**STATES:** **Actions—Warden of Penitentiary.** An action against the warden of the state penitentiary for damages consequent on the breach of an alleged contract for materials for use in said penitentiary is, in effect, an action against the state, and is, therefore, not maintainable.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

OCTOBER 17, 1924.

ACTION at law, brought in the first instance against defendant, as warden, and the Chair and Furniture Industry, and E. R. Welke, superintendent, and the board of control of state institutions, as defendants. Thereafter, plaintiff dismissed as to all defendants except Hollowell, as warden of the state penitentiary, at Fort Madison. Plaintiff asks damages against defendant as warden in the sum of $21,000 for the breach of an alleged contract entered into by the plaintiff with Welke, superintendent of the chair department. The alleged contract was for the purchase of certain dimension material, to be used in the manufacture of chairs. In addition to a general denial, a number of defenses were pleaded; that the suit was in fact a suit against the state of Iowa, without its consent; that full payment had been made for the material claimed for; that there were fraud and deceit on the part of the plaintiff in procuring the alleged orders, and that there was no valid and legal contract or agreement; that there was no authority vested in the warden of the state penitentiary or the superintendent of the chair industry or any other official for the purchase of supplies and materials, save the power vested in the board of control of state institutions; that the board of control of state institutions had at no time delegated authority to the warden or the superintendent to purchase any supplies or material; that the material furnished was not fit for the purpose for which it was sold and intended; and further, that there had been complete performance of the alleged contract. After the plaintiff had rested its case, defendant's motion for a directed verdict was sustained. Plaintiff appeals.—*Affirmed.*

*C. T. Bloodworth* and *Hughes & Dolan,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *George A. Norman,* County Attorney, for appellee.

PRESTON, J.—This case was begun, tried, and the appeal taken, before the decision by this court of the case of *Hollingshead Co. v. Board of Control,* 196 Iowa 841.

Defendant's motion for verdict was on sixteen grounds,

QUELLMALZ LBR. & MFG. CO. v. HOLLOWELL. [198 Iowa

covering the issues raised by the pleadings. The trial court seems not to have based his ruling on the question that the action was in effect against the state without its consent. That the trial court gave a wrong reason for his decision is not binding upon this court; and if the motion was properly sustained, it will be affirmed, even though the trial court based it on the wrong ground. *Jefferies v. Fraternal Bankers Reserve Society*, 135 Iowa 284, 290.

Appellant states, in one place in its argument, that the sole issue in the case is the liability of the warden of the penitentiary for material ordered by E. R. Welke, superintendent. The managing officers of an arm of the state government are not personally liable for acts done by them in the performance of governmental functions. *State v. Cameron*, 177 Iowa 262; *State v. Mortensen*, 69 Neb. 376. We make a few excerpts from appellant's argument. At one place it is said:

"We assume the only questions to be presented would be the authority of the warden, acting through the superintendent of the chair factory, to make the contract in question, it being conceded that the chair factory was inside of the walls of the penitentiary and convict labor was used in manufacturing these chairs and furniture, and the profit of it went to the state of Iowa."

"If it be found that the warden had no legal right to make the contract in question, it being conceded that he gave a verbal order for thirty cars (on certain terms), and thereafter an order was given for five more cars on a paper headed, Chair and Furniture Industry, Iowa State Penitentiary, Fort Madison, Iowa. J. R. Perkins, Warden. E. R. Welke, Superintendent. * * * Conceding these facts to be true, was there a binding obligation upon the part of the penitentiary officials to carry out the contract and pay for the same?"

"The warden is chief executive; in fact he is the head of the entity of the penitentiary."

"It was our first thought, in the present case, to sue the board of control; but under further consideration, we concluded that the board was not an active party in the management of the penitentiaries."

"The state has two quasi corporate entities for the purpose of handling of the soldiers' home, the insane hospitals, the school for the deaf and feeble-minded, and the penitentiaries. The board of control is one that looks after the general policies, and sees that proper buildings, factories, and places are provided to care for and house the inmates. The penitentiaries are provided with wardens, chief executives, general superintendents, and financial agents for said state institutions."

"The state is not immune from suits in contracts like this, and this immunity is no defense by the warden."

Cases are cited as to these different propositions.

These and other like propositions run through the entire argument. The letters passing between Welke, superintendent, and plaintiff, stating that Welke was in the market for certain dimension material, bear the following inscription at the top of the page:

"Under management of the Board of Control of State Institutions. All orders and agreements, before becoming binding upon the state, must have the approval of the Board of Control of State Institutions."

Neither Welke nor the warden who was the predecessor of this defendant had such authority.

These excerpts are made to show the theory, in part at least, of the case. Some of the propositions are argued elaborately by both sides. We deem it unnecessary to set out the evidence. It is enough to say that, after reading the record, we are clearly of the opinion that the case is not different from, and is ruled by, the *Hollingshead* case. The judgment is—*Affirmed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.