FIRST TITLE & SECURITIES COMPANY OF BLOOMINGTON, ILLINOIS, Appellant, v. UNITED STATES GYPSUM COMPANY, OF CHICAGO, ILLINOIS, Appellee.

No. 40513.

NOVEMBER 18, 1930.

REHEARING DENIED FEBRUARY 12, 1931.

*D. M. Kelleher* and *Thomas & Loth,* for appellant.

*Helsell, McCall & Dolliver* and *Scott, Bancroft, Martin & MacLeish,* for appellee.

FAVILLE, J.—I. A portion of appellee's argument is directed to the question of the jurisdiction of this court to entertain the appeal in this cause, upon the record made. Appellee contends that the appeal is, in effect, merely an appeal from a ruling on a motion to strike, and that such an intermediate order is not appealable.

There are two sufficient answers to this contention of the appellee's: (1) The question is not raised in this court by motion or written objections, as required by Section 12886, Code, 1927; and (2) it affirmatively appears that the appeal is from a final judgment dismissing the appellant's petition.

It appears from the record that the appellee, in one division of its answer, alleged that the appellant was never duly incorporated under the laws of the state of Illinois. The appellant moved to strike said portion of the appellee's answer. This motion was overruled, and the appellant elected to stand thereon, and suffered final judgment to be entered against it, dismissing its petition. The appeal appears to be

both from the ruling on the motion to strike and from the final judgment.

The record brought the appellant within the rule recognized by us in *Hansen v. Independent Sch. Dist.*, 193 Iowa 417; *Devoe v. Dusey*, 205 Iowa 1262; *In re Estate of Delaney*, 207 Iowa 451.

II. In this action the appellee, by its answer, seeks to plead, as a complete defense, the alleged failure of the appellant to comply with the provisions of the Illinois statute in taking  the necessary steps to become incorporated under the laws of said state. There is no denial of the fact that the appellant attempted to become incorporated under the laws of Illinois; that a certificate or charter was duly issued to it by the proper authorities of said state; and that it has been and is functioning as a corporation. It holds the fee title to certain described real estate in Webster County, Iowa. The action is brought to enjoin the appellee from committing nuisance upon said real estate.

The particular ground of challenge to the legality of the incorporation of the appellant is the claim that certain powers which the Illinois statute does not permit a corporation to exercise were attempted to be assumed by the appellant corporation. More specifically, the point made is that, under the Illinois law, a corporation organized for one purpose—as, for example, a building corporation—cannot by its articles have certain other purposes,—as, for example, those of an agency or loan business. It is contended by appellee in its pleading that, under appellant's articles of incorporation, the appellant attempted to become incorporated for two separate purposes, and that, since this cannot be done legally under the Illinois statute, the appellant never had any legal existence as a corporation, and hence cannot maintain this action to abate the nuisance because of injury to its property.

Code Section 10984 is as follows:

"Foreign corporations may sue in the courts of this state in their corporate name."

Code Section 8401 is as follows:

"No person or persons acting as a corporation shall be permitted to set up the want of a legal organization as a defense

to an action against them as a corporation, nor shall any person sued on a contract made with such an acting corporation, or sued for an injury to its property, or a wrong done to its interests, be permitted to set up a want of such legal organization in his defense.''

The appellant, as a plaintiff, is suing only for an injury to its property, and, under the terms of this statute, in such a case the party sued is not ''permitted to set up a want of such legal organization in his defense.''

Appellee, contends, however, that this statute is not applicable, because of its claim that the statute applies only to domestic corporations, and has no application to a foreign corporation, such as the appellant.

This statute originally came into our legislation in the Code of 1851, as Section 704, which was a part of a chapter pertaining to ''corporations for pecuniary profit.'' The wording of the statute in said Code was significantly different from the present statute, in that, by its very terms, it referred to ''a corporation under the provisions of this chapter,'' which expressly limited the application of the statute to domestic corporations.

The statute passed into the Revision of 1860 as Section 1181, and, as in the Code of 1851, said section was a part of the chapter on ''corporations for pecuniary profit,'' and by its express terms, referred to ''a corporation under the provisions of this chapter.''

The statute was continued in the Code of 1873 as Section 1089, in the identical language of the Revision of 1860, making it applicable to corporations organized under the chapter of the Code referring to ''corporations for pecuniary profit.''

In the enactment of the Code of 1897, however, a significant change was made. The statute, when carried into said Code, became Section 1636; and, while the section is in the chapter on corporations for pecuniary profit, the clause limiting its application to corporations organized under said chapter was entirely eliminated. This section was carried from the Code of 1897 literally into the Code of 1924, and is now Section 8401 of the Code of 1927, supra. We think that significance is to be attached to the fact that, in the adoption of the Code of 1897, and in the present Code, although the section appears in the general chapter referring to corporations for pecuniary profit,

it is *not* limited to corporations organized under that chapter, as was the case under previous statutes. The legislature evidently had a reason for eliminating the clause limiting the application of the statute to corporations organized in this state under the chapter on corporations for pecuniary profit. In view of the statute permitting foreign corporations to sue in this state, it is reasonable at least to assume that it was the intention of the legislature to so change the section as to make it applicable to foreign corporations, as well as domestic corporations.

The precise question involved in this action does not appear to have been previously before us, but we have discussed this section upon at least two occasions. In *Quinn v. Shields*, 62 Iowa 129, we quoted the statute, and said:

"The purpose of the section is to provide that the enforcement of rights against corporations, and the enforcement by a corporation of contracts made with it, and the recovery of claims for 'a wrong done to its interest,' cannot be defeated on the ground that the corporation was not legally organized. * * * This construction of the statute in question is demanded by justice and the interest of the public. Corporations defectively or illegally organized may acquire great property interests in personal and real estate and choses in action. Their business is conducted and property managed in the same manner as though they were legally organized, and the interest and rights of all parties dealing with them are involved. If, in an action to enforce any right held by a corporation, it were declared to have no legal existence, great confusion and losses would result, not only to its members, but to persons having dealings with it."

See, also, *State Security Bank v. Hoskins*, 130 Iowa 339.

It is true that in both of these cases we were dealing with domestic corporations, and not with foreign corporations; but the cases indicate the reasons for the rule announced in the  statute, and inasmuch as, by express legislative enactment, foreign corporations are permitted to sue in this state, the same reason and logic should apply to them as to domestic corporations, under this statute.

In this connection it is to be remembered that the appellant is not attempting to transact business in the state of Iowa, or

come under the terms and provisions of the statutes pertaining to foreign corporations which do transact business in this state. The appellant merely claims to be the owner of a certain tract of real estate which it is contended is being injured by the acts of the appellee. In accordance with the laws of this state, the title to the real estate in question has been vested in the appellant. It is alleged that appellee is causing injury to the appellant's property. Under such circumstances, the appellant ought to be allowed to protect its interest in said property by redress to the courts of this state, and, consonant with the spirit and letter of the statute, it should not be denied redress because of a defect in its incorporation, if such defect exists. There is no claim or contention that the said corporation is not fully recognized under the laws of the state of Illinois by which it was incorporated. Its charter has not been forfeited, nor its power to act as a corporation been denied in that state. We are not prepared to hold that, in view of our statute, and in view of the facts disclosed in the pleadings, the appellant should be denied the right to maintain this particular action, even though it may be true that it was not organized as a corporation in strict accordance with the statutes of the state of Illinois.

At this point we reach the conclusion, and hold, that Section 8401 is applicable to foreign, as well as domestic, corporations, and that the defense pleaded of a want of legal incorporation of the appellant under the laws of Illinois is not available to the appellee in this particular action.

III. Appellee contends that, if Section 8401 is applicable, it is unconstitutional because it is arbitrary and discriminatory. We do not so regard it. The statute applies to three general classes as defendants: (1) Those having made  a contract with an acting corporation; (2) those sued for an injury to the corporate property; and (3) those sued for a wrong done to the corporation's interests. The classification is not arbitrary or unreasonable. Nor is it unconstitutional because of improper or unjust discrimination.

Appellee's contention at this point is devoid of merit.

IV. In any event, under the record in this case it appears that the appellant is at least a *de facto* corporation.

The Supreme Court of Illinois, in *Marshall v. Keach,* 227 Ill. 35 (81 N. E. 29), said:

"A corporation is a *de facto* one where the law authorizes such corporation, and where the company has made an effort to organize under that law, and is transacting business in the corporate name. (1 Cook on Stock and Stockholders and Corporation Law,—3d Ed.—Sec. 234; 8 Am. & Eng. Ency. of Law, —2d Ed.—p. 747.)"

In *Kosman v. Thompson,* 204 Iowa 1254, we said:

"* * * a *de facto* corporation exists so that the legality of its subsistence cannot be attacked collaterally where: (1) There is a special act or general law under which such a corporation may lawfully live, (2) a bona-fide attempt to organize under the law in colorable compliance with the statutory requirements, and (3) actual user or exercise of corporate powers in pursuance of such law, and attempted organization. *Wood v. Staton,* 174 N. C. 245 (93 S. E. 790); *Gibbs's Estate, Hallstead's Appeal,* 157 Pa. St. 59 (27 Atl. 383); *Tulare Irr. Dist. v. Shepard,* 185 U. S. 1 (46 L. Ed. 773); *Alabama Fid. Mtg. & Bond Co. v. Dubberly,* 198 Ala. 545 (73 So. 911); *Vallejo & N. R. Co. v. Reed Orchard Co.,* 169 Cal. 545 (147 Pac. 238); *Duke v. Taylor,* 37 Fla. 64 (19 So. 172); *Brooke v. Day,* 129 Ga. 694 (59 S. E. 769); *Imperial Bldg. Co. v. Chicago Open Board of Trade,* 238 Ill. 100 (87 N. E. 167); *Jennings v. Dark,* 175 Ind. 332 (92 N. E. 778); *Newcomb-Endicott Co. v. Fee,* 167 Mich. 574 (133 N. W. 540); *Healey v. Steele Center Cream. Assn.,* 115 Minn. 451 (133 N. W. 69); *Lusk v. Riggs,* 70 Neb. 713, 718 (102 N. W. 88); *Franke v. Mann,* 106 Wis. 118 (81 N. W. 1014); *Kwapil v. Bell Tower Co.,* 55 Wash. 583 (104 Pac. 824). See, also, *Troutman v. Council Bluffs St. Fair & C. Co.,* 142 Iowa 140; *Nelson v. Consolidated Ind. Sch. Dist.,* 181 Iowa 424."

The facts bring the case within the established rule of a *de facto* corporation.

In the Restatement of the Conflict of Laws (Proposed Final Draft No. 1) by the American Law Institute, Section 164, it is said:

"An association which, by the law of the state in which it purports to be incorporated, is a '*de facto* corporation' will

1026

be dealt with in another state as a domestic '*de facto* corporation' is dealt with by the law of that state.''

This rule is directly applicable to the facts of the instant case. The appellant, in any event, is an association which, by the law of the state in which it purports to be incorporated, is  a *de facto* corporation. It will, therefore, be dealt with in this state as a domestic *de facto* corporation is dealt with by the law of this state. This being true, there can be no question but that a domestic *de facto* corporation would be dealt with by the law of this state in accordance with the provisions of Section 8401 of the Code. Therefore, whether we regard the appellant as a corporation legally organized under the laws of the state of Illinois or as a *de facto* corporation under the laws of that state, in either event it would be under the terms and provisions of said section of the statute.

In view of our conclusion with regard to the applicability of said Section 8401, we do not deem it necessary to make any pronouncement with respect to other matters argued by counsel. We reach the conclusion that the court erred in overruling appellant's motion to strike from the appellee's answer, and in entering judgment against the appellant.

The judgment of the district court must be, and it is,—*Reversed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.