GLENWOOD LUMBER AND COAL COMPANY, Appellee, v. OLIVER JAMES HAMMERS et al., Appellants; PRUDENTIAL INSURANCE COMPANY OF AMERICA,
Appellee.

No. 44530.

APRIL 4, 1939.

Cook & Cook, for plaintiff-appellee.

Genung & Genung, for defendants-appellants.

Harold M. Peyton and Genung & Genung, for defendant-appellee.

BLISS, J.—The Nichols Lumber Company, a corporation of Glenwood, Iowa, procured a judgment for $435.48, on March 14, 1928, in the district court of Mills county, against the defendant, Oliver James Hammers. The law firm of Genung & Genung represented the lumber company in the action. At the time the judgment was procured, Hammers owned real estate incumbered by a mortgage of $5,500. On December 31, 1928, he conveyed the land to his father, the defendant, Oliver Hammers. The Nichols Lumber Company was incorporated August 25, 1923, with a capital stock of $50,000, consisting of 500 shares of $100 each. Patricia B. Nichols, the secretary, owned one share, her mother, one share, J. H. Stivers, fifty shares, and F. J. Nichols, the remaining stock.

On January 2, 1929, the Nichols family sold all of their stock to A. E. Crawford and J. H. Stivers, and thereafter had no connection with the corporation. On December 10, 1929, the

stockholders by an amendment to the articles of incorporation changed the name of the corporation to "Glenwood Lumber and Coal Company". The amendment was recorded as required by statute in the office of the Mills county recorder.

Section 8357 of the 1927 Code required the notice of the amendment to be published once each week for four successive weeks. This notice was published in but one week's issue of the newspaper, that of December 16, 1929. No attempt was made to collect the judgment. It appeared of record in the appearance and judgment docket in the office of the clerk of the district court of Mills county, as it did on the day of its entry, with no subsequent entries until September 10, 1936. A short time prior to that date, the judgment debtor, Oliver James Hammers, called upon the Genung firm, and suggested that he might pay the judgment if a proper compromise could be agreed upon. Clyde T. Genung, a member of the firm, reached Patricia B. Nichols by letter in California, and she authorized a compromise settlement of $312.50, which was paid by Hammers and remitted to Mrs. Nichols. The amount due on the judgment was $665.15 and costs. The following entry was made upon the court records:—

"September 10, 1936. This cause has been fully settled, the judgment herein is hereby satisfied and released.
                    "Nichols Lumber Co.,
            "By: Genung & Genung, Its Atty."

The plaintiff-appellee knew nothing of this until a short time later. Genung & Genung had never been its attorneys. Neither of the Hammers, nor the Genung firm, had any actual knowledge of the interest or ownership which the plaintiff-appellee had in the judgment.

On September 1, 1936, Oliver Hammers, executed a mortgage on the real estate involved, to the appellee, Prudential Insurance Company of America, for $4,000, which was filed for record, September 15, 1936. So far as the record discloses the only knowledge the insurance company had of the satisfaction of the judgment was the record satisfaction set forth above.

The plaintiff in its petition prayed that the satisfaction of the judgment be set aside as made without authority of the judgment creditor and owner thereof, and the judgment be held to be unsatisfied, and a valid and subsisting lien, as of the date

of its entry, in its principal amount, with interests and costs, prior and superior to any right, title, interest or lien of any of the defendants.

The defendant Insurance Company alleged the execution of its mortgage, and the record satisfaction of the judgment, all as set forth above, and the superiority of its lien as to all parties, and prayed for decree accordingly.

The defendants Hammers in their answer admit the entry of the judgment and the execution of the mortgage; they allege the settlement of the judgment with Patricia B. Nichols and the authority of Genung & Genung to make the compromise settlement and to enter full satisfaction of the judgment of record; they further allege that the plaintiff never placed any assignment to it of the judgment on record, or notified these defendants of any claimed rights in or ownership of the judgment, and that it was estopped to claim any relief; and they denied plaintiff's alleged amendment of the articles of incorporation.

The trial court found and decreed:—that the judgment was owned by the plaintiff; that Patricia B. Nichols had no interest or ownership therein; that Genung & Genung had authority to accept partial payment of the judgment in the sum of $312.50, but had no authority to accept said amount in full satisfaction of the judgment, or to enter full satisfaction of the judgment of record for such an amount. The court reinstated the judgment, in the amount, and as of the date of its original entry, with a credit thereon of $312.50, as of September 10, 1936, and decreed it to be a lien upon the real estate involved herein, as of said date of entry, save and except that it is junior to the mortgage of the defendant-appellee, Prudential Insurance Company of America.

The plaintiff has not complained of the lien priority given to the insurance company, presumably because it regards the equity above the mortgage sufficient for its purposes. While the Hammers have appealed from the entire decree, they have not, in this court, argued against the priority of the mortgage given by them.

While considerable of the record is devoted to matters pertaining to the amending of the articles of incorporation of the Nichols Lumber Company, and to the failure of the plaintiff to place of record in the judgment docket its claim to the judgment, it appears to us that neither of these matters has

much to do with the real issue in this case. That issue is whether Genung & Genung had authority to satisfy the judgment in full. And whether the law firm had such authority depends upon whether Patricia B. Nichols could lawfully authorize the compromise settlement. No one can seriously contend that she had such authority. This was conceded by Genung & Genung by their writing to her and requesting the return of the money which they had carelessly paid to her. She had no interest whatever in the judgment because she no longer had any stock, office, or interest in the Nichols Lumber Company. When she and her co-shareholders sold their stock in the corporation in 1929, she and they disposed of any interest or right in the judgment to the purchasers of their shares of stock. These stock purchasers became the stockholders of the Nichols Lumber Company, and entitled to control its operations. The judgment still remained the property of the corporation.

■ The Nichols Lumber Company did not pass out of existence. Whether the attempted proceedings to amend its articles by changing its name were effective or ineffective, it continued to exist, either as a de jure, or as a de facto, corporation. Its corporate existence could be attacked only by direct action, and not collaterally. 14 Corpus Juris, Corporations, sections 216, 223; Troutman v. Council Bluffs Street Fair & Carnival Co., 142 Iowa 140, 120 N. W. 730; Kosman v. Thompson, 204 Iowa 1254, 1260, 215 N. W. 261; First Title & Securities Co. v. U. S. Gypsum Co., 211 Iowa 1019, 233 N. W. 137. There is nothing in the record to indicate that the Nichols Lumber Company was not legally incorporated. This corporation, regardless of its correct name, was the owner of the judgment, and it, alone, could authorize Genung & Genung to make a compromise settlement of the judgment and to give a satisfaction in full. It is conceded that it gave no such authority. Without such authority the compromise settlement and the satisfaction in full were of no validity.

■ Section 10922 of the 1935 Iowa Code provides:

''An attorney and counselor has power to: * * *

3. ''Receive money claimed by his client in an action or proceeding during the pendency thereof, or afterwards, unless he has been previously discharged by his client, and, *upon pay-*

*ment thereof, and not otherwise,* to discharge the claim or acknowledge satisfaction of the judgment." (The italics are ours.)

The word "payment" means not, payment in part, but payment in full.

In 5 American Jurisprudence, sec. 103, page 323, the principle is stated thus:

"It is generally conceded that where an attorney has recovered a judgment for his client, he has authority, by virtue of his employment as attorney, to receive payment and give or enter satisfaction of the judgment. An attorney has no implied authority, however, to accept anything in satisfaction of the judgment other than that which was sued for and for which the judgment was rendered, nor can he accept less than the full amount of the judgment, or other than lawful money, or enter satisfaction without the actual receipt of the money, in case of a money judgment."

In an extensive brief in 66 A. L. R. 108 and 115, the commentator states:

"The almost unanimous rule, laid down by the courts of the United States, both Federal and state, is that an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action; but that precedent special authority or subsequent ratification is necessary to make such a compromise valid and binding on the client. * * *

"The general rule that an attorney has no authority to compromise applies with special force after judgment, and an attorney cannot accept in satisfaction of a judgment a sum less than is actually due thereon, and cannot transfer the judgment for such smaller sum."

In Ohlquest v. Farwell & Co. et al., 71 Iowa 231, 32 N. W. 277, quoted with approval in Nothem v. Vonderharr, 189 Iowa 43, 64, 175 N. W. 967, 974, in speaking of the power of attorneys, we said:

" 'It is undoubtedly true that an attorney cannot consent to a judgment against his client, or waive any cause of action or defense in the case; neither can he settle or compromise it without special authority.' "

794

In Bigler v. Toy, 68 Iowa 687, 688, 28 N. W. 17, 18, we said:

"An attorney who has a claim for collection has no power, in the absence of special authority, to receive anything but money in payment of the claim; nor has he the power to accept as payment a less amount of money than the whole sum due."

The decree of the trial court is therefore affirmed in all of its provisions.—Affirmed.

MITCHELL, C. J., and RICHARDS, SAGER, STIGER, HALE, OLIVER, and MILLER, JJ., concur.