R. V. WILKINSON et al., appellants, v. COUNTY BOARD OF EDUCA-
TION IN AND FOR FLOYD COUNTY, MITCHELL COUNTY
AND CERRO GORDO COUNTY (members),
appellees.

No. 49940.

(Reported in 102 N.W.2d 924)

MAY 3, 1960.

Mason & Stone, of Mason City, for appellants.

L. E. Plummer, of Northwood, and Zastrow, Noah & Smith, of Charles City, for appellees.

HAYS, J.—In May 1958 a petition was filed with the Floyd County Superintendent of Schools for the creation of a Nora Springs-Rock Falls Community School District, embracing territory in Floyd, Mitchell and Cerro Gordo Counties. One of the districts included in the proposal was the Falls Township Consolidated School District and the petition was signed by the required number of its voters. The County Boards, acting as a single Board, met, considered and approved the proposal and established the boundaries of said district, and amended the county plans as petitioned for. On appeal to the State Department of Public Instruction its action was affirmed. In November 1958, at a special election, the proposal was adopted by the voters. On February 3, 1959, this proceedings in certiorari was brought in the Floyd District Court, alleging that the joint Board lacked jurisdiction and acted illegally, asked that all proceedings relating to the said Nora Springs-Rock Falls Community School District be declared void. Upon a hearing the trial court annulled the writ and plaintiffs appeal.

The entire controversy revolves around two areas, combined containing less than four government sections, which had been attached by the Mitchell County Board in June 1957 to the Falls Township Consolidated School District, to which they were contiguous. This district was entirely within Cerro Gordo County and maintained a twelve-grade school system. No opportunity was afforded the residents of said attached area to vote thereon. Record of the attachment was at once filed with the Auditor of Mitchell County but was not filed with the Auditor of Cerro Gordo County until after this proceeding was commenced.

The record shows that immediately after the attachment order was made the Falls Township Consolidated School District assumed full jurisdiction and control over the areas. It received the taxes from the same and a director for said school district was elected therefrom. So far as appears from the record, no person residing thereon has ever registered any complaint because of the attachment. In the petition for the Nora Springs-Rock Falls Community School District filed in May 1958 these attached areas were included in and considered to

be a part of the Falls Township Consolidated School District, and at the election in November 1958 the residents thereof voted as a part of and with the other voters of said district.

I. Plaintiffs, residents and landowners within the new Community School District, but not of the attached areas, allege that they are adversely affected by the establishment of said Community School District. The basis for the relief sought appears to be as follows: At the time the Mitchell County Board acted in 1957 the areas involved were "existing districts or portions thereof"; that under section 275.1, Code of 1954, as amended, before any valid attachment could be made the residents of the attached area must vote thereon; not having had this opportunity, said areas still retain their status as "existing districts or parts thereof"; as such, before the joint Boards could acquire jurisdiction over the areas, petitions signed by the required number of voters therein must be filed. This was not done, hence no jurisdiction. Plaintiffs also assert that being "existing districts or parts thereof" they were entitled to vote as separate districts, and being deprived thereof, voided the November election.

Section 275.5, Code of 1954, as amended, was in effect in June 1957 when the attachment order was made by the Mitchell County Board. It, so far as material here, provided: "* * * such proposals [for reorganization of school districts] may provide for reducing an existing school district to less than four government sections and where such proposal is put into effect * * * the county board shall attach such remaining portions of less than four sections to another school district or districts." Presumably it was under this section that the attachment order was made, as it appears the attached areas were left as the result of other school reorganizations.

Also in effect at the time of the attachment order was an amendment to section 275.1, Code of 1954, being section 4, chapter 128, Acts 57th G. A., effective in May 1957. Section 275.1 is entitled Declaration of Policy and declares it to be the policy that all areas of the state must be in a twelve-grade school system by July 1, 1962, and, if not, such areas shall be so attached by the County Board. The amendment, above-men-

tioned, states, "It is further declared to be the policy of the state that no existing district or part thereof shall be included in such twelve-grade district prior to July 1, 1962 without the electors * * * having an opportunity to vote the proposition * * *." It is upon this section 275.1, as amended, that plaintiffs rely, together with our recent decision in Robrock v. County Board of Education, 250 Iowa 422, 94 N.W.2d 101.

Subsequent to the Robrock decision, the Fifty-eighth General Assembly amended section 275.1, Code of 1958, as follows: "Section two hundred seventy-five point one (275.1), Code 1958, is hereby amended by adding thereto the following: 'Provided, however, that any school district which has been reduced to less than four (4) government sections as a result of reorganization may be annexed to a twelve (12) grade district by the board of education of the county in which located without the approval of the electors and areas in excess of four (4) sections where no persons reside thereon and the land is owned by persons residing within the district to which such land is to be attached may be so attached.' " Chapter 189, section 1. The trial court held this was not substantive legislation but was intended to correct the misinterpretation of the section by the court in the Robrock case, and should be given retroactive effect. It held the Mitchell County Board had authority on June 18, 1957, to make the attachment order in question.

█ That the trial court gave a wrong reason for its decision is not binding upon this court; and if the decision reached was proper it will be affirmed. Quellmalz Lbr. & Mfg. Co. v. Hollowell, 198 Iowa 722, 200 N.W. 177. Without holding the reason given by the trial court to be wrong, there appears to be a more cogent reason upon which the decision should be sustained.

█ █ The tribunal which it is alleged acted illegally is the joint Boards acting as a single Board. Under this record, at the time the petitions were filed in May 1958 the Falls Township Consolidated School District, as reorganized by the attachment of the area in question, if not a de jure, was without question a de facto corporation, Cook v. Consolidated School District, 240 Iowa 744, 38 N.W.2d 265; Swan Lake Consolidated School District v. Consolidated School District of Dolliver, 244 Iowa

1269, 58 N.W.2d 349, and its corporate existence cannot be attacked collaterally. Herbst v. Held, 194 Iowa 679, 190 N.W. 153; Glenwood Lumber & Coal Co. v. Hammers, 226 Iowa 788, 285 N.W. 277. Appellants say they are not attacking the so-called territorial integrity of the Falls Township Consolidated School District, as said territory existed prior to the unlawful attachment, but they apparently overlook the Cook and Swan Lake cases, supra. Only if the Falls Consolidated District was not a legally constituted district embracing the attached areas could it be said that no jurisdiction over the attached areas was acquired by the joint Board. The answer to that question lies in quo warranto by a direct proceeding, not by an indirect attack in a certiorari proceedings against the action of an independent tribunal. 14 C. J. S., Certiorari, section 147, page 282; State ex rel. Mayo v. Thursby-Butte Special School Dist. No. 37, 45 N. D. 555, 178 N.W. 787. Even though this issue has not been urged to this court, it is our conclusion that the matters sought to be established here may not properly be reached by certiorari, see Uhl v. District Court, 231 Iowa 1046, 2 N.W.2d 741, and, as to Division I, the trial court correctly annulled the writ.

II. Appellants' other assigned error is to the effect that once a tentative county plan has been established, such may not be changed without there being further studies, surveys and hearings. This question was determined by this court in Hubka v. County Board of Education of Mitchell County, 251 Iowa 659, 102 N.W.2d 167, adverse to such contention, and needs no further comment.

Finding no error the judgment of the trial court is affirmed. —Affirmed.

All JUSTICES concur except BLISS and OLIVER, JJ., not sitting.