HAROLD ROBROCK et al., appellants, v. COUNTY BOARD OF
EDUCATION OF CHICKASAW COUNTY (members) and
FREDERICKSBURG COMMUNITY SCHOOL DISTRICT,
appellees.

No. 49500.

(Reported in 94 N.W.2d 101)

JANUARY 13, 1959.

James E. O'Donohue, of New Hampton, for appellants.

Leslie P. Turner, County Attorney, of Nashua, and Donohue, Wilkins & Donohue, of New Hampton, for appellees.

PER CURIAM—Plaintiffs brought an action in the District Court of Chickasaw County seeking a writ of certiorari and therein petitioned that an order of the County Board of Education of Chickasaw County, Iowa, assigning a certain portion of Dresden Township Independent School District No. 3 in Chickasaw County, Iowa, to the Fredericksburg Community School District be voided. The trial court denied the writ. The plaintiffs have appealed.

Proceedings for the organization of a new Fredericksburg Community School District previously had been initiated. Prior to that time the Dresden Township School District was an independent school unit. The plaintiffs are residents of the former Dresden school area. The original plan for the reorganization of the Fredericksburg Community School District included the Dresden district and the lands owned by these plaintiffs. A hearing was held before the Chickasaw County Board of Education relative to the inclusion of plaintiffs' and other land. Section 275.4, 1958 Code of Iowa. By virtue of objections filed and presented by the plaintiffs their lands were removed from the proposed Fredericksburg Community School District plan. At an adjourned hearing, as required by the statute, the boundary lines of the proposed district were confirmed, said lines excluding the lands of plaintiffs. Section 275.5, 1958 Code of Iowa.

Later, on March 5, 1957, an election was held in the proposed Fredericksburg district area relative to the contemplated new organization. Section 275.18, 1958 Code of Iowa. The proposition to organize the new district passed. By reason of

the election and the establishment of the new district there remained of the Dresden Township Independent School District No. 3 less than four sections of land. Included in this area last referred to were the lands of the plaintiffs.

On May 16, 1957, the Chickasaw County Board of Education set over to the Fredericksburg Community School District the entire remaining portion of the Dresden school district, which included plaintiffs' lands. They then commenced their action in certiorari questioning the right of the County Board to enter the order it did.

The parties submitted the cause to the trial court on an agreed stipulation of facts, and particularly stipulated "the plaintiffs question only the order of the Chickasaw County Board of Education * * * transferring the remaining balance of the Dresden Independent School District No. 3 into the reorganized Fredericksburg Community School District." The statement of facts previously set forth substantially follows the matters incorporated in the stipulation submitted to the court.

It is the claim of the plaintiffs the remaining portion of the Dresden Township District could not be set over to the Fredericksburg district without a vote. It is their further claim the portion of the statute which states that areas containing less than four sections shall be set over to "another" district could not apply to the Fredericksburg district but only to a different district.

The basis for the action taken by the county board of education is an amended statute passed by the Fifty-seventh General Assembly (1957) which became effective on May 9, 1957. It required all portions of school districts left after reorganizations are completed to join some school district with a twelve-year school system by July 1, 1962. Section 275.1, 1958 Code of Iowa. The amended statute with which we are particularly concerned is in part as follows: "* * * Such proposals may provide for reducing an existing school district to less than four government sections and where such proposal is put into effect by election by the method hereinafter provided the county board shall attach such remaining portions of less than four sections to *another* school district or districts as provided for in their county plan."

Chapter 129, section 17, Acts of Fifty-seventh General Assembly, now included in section 275.5, 1958 Code of Iowa. (Emphasis supplied.)

Inasmuch as the action taken by the Chickasaw County Board of Education was taken under the claimed authority of the amended statute as passed by the Fifty-seventh General Assembly and is now incorporated in the 1958 Code of Iowa, our references hereinafter will be to sections in that Code.

I. The determination of the question before us requires our analysis of the statute heretofore set out in an effort to ascertain the meaning and intent of the legislature. To do so we are justified in giving further consideration to other sections of chapter 275 of the 1958 Code.

In section 275.1 (third and fourth paragraphs) it is stated: "It is further declared to be the policy of the state that all the area of the state shall be in a district maintaining twelve grades by July 1, 1962. If any area of the state is not in such a district by July 1, 1962, it shall be attached by the county board of education to some such district, provided, however, that such attachment has the approval of the state board of public instruction before becoming effective and the full payment of the agriculture land tax credit as provided for in chapter 426, has been made for at least one year prior to July 1, 1962. Any such district or part thereof attached by the county board of education, with the approval of the state board of public instruction, shall have the right to appeal this attachment to a court of record in the county in which said district or part thereof is located within twenty days after the date of the approval by the state board of public instruction.

"It is further declared to be the policy of the state that no existing district or part thereof shall be included in such twelve-grade district prior to July 1, 1962 without the electors of such existing district or part thereof having an opportunity to vote the proposition to include such existing district or part thereof in said twelve-grade district."

It will be observed that "* * * *no existing district or part thereof* shall be included in such twelve-grade district prior to July 1, 1962 without the electors of such existing district or part thereof having an opportunity to vote the proposition to

include such existing district or part thereof in said twelve-grade district." (Emphasis supplied.) The lands of the plaintiffs were a "part thereof" of an existing district.

■■ It is our conclusion it was the intention of the legislature to give to electors of an existing district or "part thereof" the right to vote on the proposition whether they wished to be included in a twelve-grade district prior to July 1, 1962. The lands of the plaintiffs must be in some school district. At least there is nothing in the record such is not the case. Likewise, there is no showing the electors in the "part thereof" of the district had an opportunity to vote on the proposition whether they wished to be included in the Fredericksburg twelve-grade district, if such it was.

Such action as taken by the Chickasaw County Board of Education was not in keeping with what was declared to be the established policy of the state. It was not in accord with what necessarily was the intention of the legislature.

II. As noted in section 275.5, a portion of which we have quoted, where "such proposals * * * provide for reducing an existing school district to less than four government sections * * * the county board shall attach such remaining portions of less than four sections to *another school district or districts* as provided for in their county plan." (Emphasis supplied.)

■ The county plan as contemplated in the Fredericksburg reorganization provided for the exclusion of the plaintiffs' land. And inasmuch as the lands here involved were originally a part of the proposed Fredericksburg area and then were taken out of the plan it is our conclusion the later attaching of the area of less than four sections to the new Fredericksburg district is not an attaching to "another school district or districts."

To approve the procedure carried out by the County Board would be to approve a possible subterfuge to avoid opposition to a contemplated reorganization plan. Inasmuch as the lands here involved were taken out of the proposed reorganized district "another school district or districts" naturally must refer to a different district or districts than the one from which it was separated.

Webster's New International Dictionary (1957) defines the adjective "another" as "a different, distinct, or separate (one)

from the one considered; not the same." It is our holding it was the intention of the legislature, in making the reference it did to "another school district or districts", it had in mind a different and separate district from the one from which it originally was made a part.

Then too, we find no reference in the record which shows the County Board of Education contemplated the attaching of the plaintiffs' land to the new Fredericksburg district after its reorganization "as provided for in their county plan." In fact in its final plan the County Board of Education had excluded plaintiffs' lands. Likewise it should be kept in mind the statute apparently contemplated the attaching of lands not included in a district maintaining a twelve-grade school only after July 1, 1962.

III. We find no basis under the statute for the action taken by the County Board of Education in attaching the plaintiffs' lands to the newly reorganized Fredericksburg district. By reason of this conclusion we hold the trial court was in error in quashing the application for a writ of certiorari. The writ should have been sustained. For failure on the part of the trial court to do so the cause is remanded for the entry of a judgment in keeping with our holdings herein.—Reversed and remanded.

THOMPSON, C. J., and BLISS, GARFIELD, GARRETT, HAYS, LARSON, and PETERSON, JJ., concur in the foregoing opinion.

The foregoing opinion was prepared by JUSTICE CHARLES F. WENNERSTRUM during the time he was a member of this court. It has been adopted by the court as its official opinion.

THORNTON, J., takes no part.