MONROE COMMUNITY SCHOOL DISTRICT (MARION AND JASPER COUNTIES) et al., appellants, v. MARION COUNTY BOARD OF EDUCATION et al., appellees, H. W. VRIE-ZELAAR et al., intervenors-appellees.

Nos. 50022
50023.

(Reported in 103 N.W.2d 746)

June 14, 1960.

Korf, Diehl, Swanson & Clayton, of Newton, for appellants.

Carroll Johnson and Wm. W. Hardin, both of Knoxville, for appellees and intervenors-appellees.

GARRETT, J.—This is a consolidation of actions for Writs of Certiorari arising out of two resolutions of the Marion County Board of Education in attaching the remaining area of the Summit Independent School District of less than four government sections to the Pella Community School District.

The Summit district existed until July 1, 1958, as a rural independent district containing slightly less than three square miles in Summit Township in the north part of Marion County. In 1955 a vote was had on the proposition to create the Monroe Community School District, the proposed area including parts of Jasper and Marion Counties and "including specifically all of Summit Independent School District." The proposition lost in Summit Independent district by a vote of 8 to 19. Under the law as it existed at that time the Monroe district came into being but did not include the Summit district. A new petition to enlarge the Monroe Community School District was filed in May 1957 which proposed to include all of said Summit district. At a joint meeting of the Marion and Jasper County Boards of Education in June 1957, the boundary line of the proposed Monroe district was changed by unanimous vote so as to divide Summit Independent School District, the northerly portion being included in the proposed Monroe district. The boundary line as fixed across Summit district is the existing boundary line of the present Monroe district.

In July 1957 proceedings were commenced by the Boards of Education of Marion, Mahaska and Jasper Counties to organize the Pella Community School District which would include area in the three counties and embracing the southerly portion of the Summit district. The action of the joint boards was appealed to the State Department of Public Instruction, which excluded the disputed part of Summit district from the Pella Community School District.

With the Monroe and Pella districts duly formed the remaining portion of Summit district containing about 760 acres, and hereinafter referred to as the disputed area, stood alone completely surrounded by the two new districts.

On or about July 1, 1958, the Marion County Board of Education entered an order attaching the disputed area to the

Pella district. Plaintiffs thereupon filed their petition in certiorari claiming such action was contrary to law. Before trial the Fifty-eighth General Assembly amended sections 275.1 and 275.5 by enacting chapters 189 and 190, Acts of the Fifty-eighth General Assembly. After the enactment of these amendments the Marion County Board of Education passed another resolution attaching the disputed area to the Pella district. Plaintiffs then filed another certiorari action attacking this action of the Marion County Board. The trial court dismissed the first case as moot and rendered judgment in the second case for the defendants. Plaintiffs have appealed.

I. Appellants earnestly contend the Marion County Board of Education was without right or authority to attach the disputed area to the Pella Community School District "because the Pella district did not constitute another school district" within the meaning of the statute. They rely upon section 275.5 of the Code, 1958, and upon Robrock v. County Board of Education, 250 Iowa 422, 94 N.W.2d 101, as being particularly in point.

Section 275.5 as amended provides in part: "Such proposals may provide for reducing an existing school district to less than four government sections and where such proposal is put into effect by election by the method hereinafter provided the *county board shall by resolution attach* or subdivide and attach the remaining portion or portions of said district to another school district or districts." (Emphasis supplied.)

The amendment eliminates the voting requirement on the part of the electors and provides that the county board shall "by resolution attach" the remaining portion of said district to another district. The words "as provided for in their county plan" were likewise eliminated.

Section 275.1 is in part: "It is further declared to be the policy of the state that all the area of the state shall be in a district maintaining twelve grades by July 1, 1962. If any area of the state is not in such a district by July 1, 1962, it shall be attached by the county board of education to some such district, provided, however, that such attachment has the approval of

the state board of public instruction before becoming effective * * *. Any such district or part thereof attached by the county board of education, * * * shall have the right to appeal this attachment to a court of record * * *." This section was amended by Acts of the 58th G. A., chapter 189, section 1, by adding thereto the following: "Provided, however, that any school district which has been reduced to less than four (4) government sections as a result of reorganization may be annexed to a twelve (12) grade district by the board of education of the county in which located without the approval of the electors * * *."

It was after these amendments became effective that the Marion County Board repassed the resolution attaching the disputed area to the Pella district.

██ "Provided the interpretation is reasonable and not in conflict with the legislative intent, effect and meaning must, if possible, be given to the entire statute and every part and word thereof." 82 C. J. S., Statutes, section 346, page 705. 50 Am. Jur., Statutes, section 352, page 350, and section 358, page 361; Davis v. Davis, 246 Iowa 262, 67 N.W.2d 566.

In Robrock v. County Board of Education, supra at pages 426, 427 of 250 Iowa, page 104 of 94 N.W.2d, we said:

"The county plan as contemplated in the Fredericksburg reorganization provided for the exclusion of the plaintiffs' land. And inasmuch as the lands here involved were originally a part of the proposed Fredericksburg area and then were taken out of the plan it is our conclusion the later attaching of the area of less than four sections to the new Fredericksburg district is not an attaching to 'another school district or districts.'

"To approve the procedure carried out by the County Board would be to approve a possible subterfuge to avoid opposition to a contemplated reorganization plan. Inasmuch as the lands here involved were taken out of the proposed reorganized district 'another school district or districts' naturally must refer to a different district or districts from the one from which it was separated.

"Webster's New International Dictionary (1957) defines the adjective 'another' as 'a different, distinct, or separate (one)

from the one considered; not the same.' It is our holding it was the intention of the legislature, in making the reference it did to 'another school district or districts', it had in mind a different and separate district from the one from which it originally was made a part."

The Monroe district plan included the entire Summit district. The joint county boards excluded the disputed area therefrom. The Pella district plan included the disputed area and the joint county boards confirmed the boundaries but the State Department of Public Instruction excluded the disputed area.

In the Robrock case, supra, the original plan for reorganization of the Fredericksburg Community School District included the lands owned by the plaintiffs. In response to objections filed the lands of plaintiffs were removed from the proposed district. The boundary lines were confirmed by the county board, excluding plaintiffs' property. Later the county board set over to Fredericksburg district the lands of plaintiffs. We held, although a holding was not necessary to a disposition of the case, that the Fredericksburg district was not "another" district within the meaning of the statute. Adherence to the holding in that case precludes our granting appellants the relief they pray for.

Appellants seek affirmative relief as well as the determination of the legality of the judgment entered. "* * * relief by way of certiorari shall be strictly limited to questions of jurisdiction or illegality of the acts complained of, unless otherwise specifically provided by statute." Rule 308, Rules of Civil Procedure.

"Unless otherwise specially provided by statute, the judgment on certiorari shall be limited to sustaining the proceedings below, or annulling the same wholly or in part, to the extent that they were illegal or in excess of jurisdiction, and prescribing the manner in which either party may proceed further, nor shall such judgment substitute a different or amended decree or order for that being reviewed." R. C. P. 316.

On authority of the above rules, chapter 275 of the 1958 Code as amended and the Robrock case we hold the appellants are entitled to no affirmative relief, that Monroe Commu-

nity School District is not "another district" within the contemplation of said authority and that the attachment of the disputed area to it is precluded by the very authority it seeks to invoke against the attachment of the disputed area to the Pella district.

II. If the authorities cited bar plaintiffs from the relief sought, they are equally effective to bar the attachment of the disputed territory to the Pella district unless other facts and circumstances and the statutory amendments referred to have such force and effect as to make for the appellees a case entirely different from that made by the appellants and remove the effect of the bar. The Pella district is no more "another" district than is the Monroe district. The same general rules apply to both. A solution lies only in the liberal construction of the statutes as amended with a view to giving effect to the legislative intent as expressed therein.

"In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it." 82 C. J. S., Statutes, section 323, page 593. See also State v. Balsley, 242 Iowa 845, 48 N.W.2d 287; Burlington Truck Lines, Inc., v. Iowa Employment Sec. Comm., 239 Iowa 752, 32 N.W.2d 792.

The disputed area being wholly surrounded by the two contesting districts, there is no other contiguous district to which it may be attached. Only contiguous territory located in two or more school districts may be united. Section 275.11, 1958 Code.

It is the policy of the state that the entire area of the state shall be in a district maintaining twelve grades by July 1, 1962. A fair reading of the stipulation of the facts indicates a very large majority of the residents and property owners of the disputed area favor its attachment to the Pella district. It appears obvious that if the issue were submitted to a vote of the electorate of the disputed area the issue would be resolved in favor of joining the Pella district.

Section 275.5 as amended provides that the county board

"*shall* by resolution attach * * * the remaining portion * * * of said district to another school district * * *." The words "as provided for in their county plan" were eliminated.

Here then we have the anomalous situation where the law requires a thing to be done in the public interest and then by another provision prevents its being done. We must presume the legislature did not intend to do a futile thing which would defeat the avowed policy of the state, and leave one small district unattached to a twelve-grade district. We must give effect to the statutes so as to accomplish the legislative intent if possible. Board of Education v. Board of Education, 250 Iowa 672, 95 N.W.2d 709; In re Proposed Community School District of Malvern, 250 Iowa 1240, 98 N.W.2d 737.

We cannot by judicial mandate repeal the statutory provision that all areas of the state shall be in a district maintaining twelve grades at latest by July 1, 1962. The County Board of Education of Marion County by resolution attached the disputed area to the Pella district carrying out the express desire of the great majority of the people residing in the disputed area, many of whom are here as intervenors asking that appellants' requests be denied. In view of the policy of the state and the express intent of the legislature it would be nothing less than absurd to say that the small area in dispute has no place to go, that it cannot be attached to any twelve-grade district and that it must be an exception to the numerous requirements to which all other districts and parts of districts are subjected. There could be no such legislative intent.

Proceeding then in the only way open to us to give effect to the provisions of chapter 275 as amended and other provisions of the Code and do as little violence as possible to conflicting provisions therein we hold that the final action of the County Board of Education of Marion County in attaching the disputed area to the Pella district should be sustained. The trial court was right in so holding.

If the impasse which faces us is to be removed, in the absence of legislative action which is not a proper function of this court, a liberal construction of the chapter must be resorted to in order that the intention and purpose of the legis-

lature may be carried out. Appellants in their argument discussing the contention of appellees that neither Monroe nor Pella district constituted "another district" said, "Such argument would leave the disputed southerly portion of the Summit district without any district to which it could be attached. We do not believe that such was the intention of the legislature."

Appellants contend Monroe was "another district" within the contemplation of section 275.5 when all rights to appeal had expired and the present boundary lines became definitely fixed. If that is true of the Monroe district it is also true of the Pella district. Priority in point of time would be immaterial. The facts bring both districts within the rule laid down in the Robrock case.

III. Appellants insist the two resolutions of the Marion County Board attaching the disputed area to the Pella district were invalid because such attachments were not made as provided for in their county plan.

When the first resolution was adopted section 275.5 read in part: "* * * the county board shall attach such remaining portions of less than four sections to another school district or districts as provided for in their county plan." The section was amended effective April 2, 1959, expunging the provision in regard to the county plan. Thereafter the second resolution was passed free from any county plan limitation.

Chapter 189, Laws of the 58th G. A., amended section 275.1 to provide that any school district reduced to less than four government sections may be attached to a twelve-grade district by the board of education of the county in which located without the approval of the electors. This amendment operates prospectively only. Grant v. Norris, 249 Iowa 236, 85 N.W.2d 261; 50 Am. Jur., Statutes, section 478, page 495; 82 C. J. S., Statutes, section 414, page 981.

The Pella district had the right to abandon its prior resolution and enact a new one under the law as amended. We agree with the appellants' contention that fixing boundaries of school and other corporations is a legislative function which may not be interfered with by the courts and that the state department having excluded the disputed area from the Pella

district plan the matter is not now subject to court interference. "The creation and formation of municipal corporations, such as counties, cities, villages, and school districts, and the fixing of their boundaries are legislative functions." 11 Am. Jur., Constitutional Law, section 192, page 893. This is the general rule. The courts have no power to review the policy and judgment of a legislative decision fixing school corporation boundaries. They have, of course, authority to determine whether the law has been complied with but the legislature cannot delegate legislative authority to the courts. 16 C. J. S., Constitutional Law, section 107, pages 493, 494, and section 139d(2), page 638; 69 A. L. R. 266 (annotations); State ex rel. Klise v. Town of Riverdale, 244 Iowa 423, 57 N.W.2d 63; State ex rel. Mercer v. Incorporated Town of Crestwood, 248 Iowa 627, 80 N.W.2d 489 and 81 N.W.2d 452.

It might be observed that the same state department also excluded this area from the Monroe district plan.

The legislature, however, changed the law to provide that where a district is reduced to less than four government sections "the county board shall by resolution attach * * * the remaining portion * * * of said district to another school district or districts." This authority was expressly conferred upon the county board after the state department had discharged all of its functions and duties, after the elections had been held, and after the proposed districts had been duly formed. At that point the authority of the state department ended and the authority of the county boards as above authorized began.

If this is not a proper construction of the legislative intent, then we are again confronted by an unwarranted impasse. The attachment order of June 27, 1959, was not a part or continuation of either the Pella or Monroe reorganizations. It was separate and distinct from either of said proceedings, they having been closed and their purpose accomplished.

In the instant case it is the claimed legislative power of the county board which is attacked. Under the facts of this particular case, we hold the second challenged resolution of the County Board of Education of Marion County attaching the

1002

.disputed area to the Pella Community School District must be sustained. Without adopting all of the trial court's conclusions of law, the judgment is affirmed.—Affirmed.

All JUSTICES concur except OLIVER, J., not sitting.