ROBERT PETERSON et al., appellants; LAWRENCE BJUSTROM and many others were also intervenors below who are not appellants herein, plaintiffs, v. BOARD OF EDUCATION et al., appellees.

No. 50007.

(Reported in 104 N.W.2d 821)

SEPTEMBER 20, 1960.

Lund, Lund & Wood, of Webster City, and Paul E. Hellwege, of Boone, for appellants.

M. Gene Blackburn and Max Hemingway, both of Webster City, and Alan Loth, of Fort Dodge, for appellees.

HAYS, J.—The County Boards of Education of Hamilton and Boone Counties, acting as a single Board, in response to a

petition, duly filed, seeking the establishment of the South Hamilton Community School District, held hearings thereon, fixed the boundaries for said proposed district, changed the joint county plan in accord therewith, and submitted the proposition to the electors. It was adopted by a vote of 1007 yes to 694 no. It also carried in eleven of the thirteen districts or parts thereof embraced in the proposal. Later directors for the said new district were elected. Thereafter this certiorari proceedings, questioning the legality of said organization, was brought, and which, when heard by the court, was annulled. Plaintiffs appeal.

I. The first assigned error is that the electors of Stanhope Community School District and these individual plaintiffs were deprived of their right to vote separately as a district upon the proposition of whether they wished to be included in the new district in direct violation of section 275.1, Code of 1958.

The Stanhope District has undergone two reorganizations under chapter 275 prior to the instant situation and has continuously maintained a twelve-grade school. At the special election upon the proposed new district, which included all of the Stanhope District, it voted as a district and was one of the two districts that voted no.

It is appellant's contention that once a twelve-grade school district is established under chapter 275 it cannot be drawn into another reorganization by "outsiders" if the said twelve-grade district did not elect to do so prior to July 1, 1962. In support thereof it relies upon the following portion of section 275.1, Code of 1958: "It is further declared to be the policy of the state that no existing district or part thereof shall be included in such twelve-grade district prior to July 1, 1962, without the electors of such existing district or part thereof having an opportunity to vote the proposition to include such existing district or part thereof in said twelve-grade district."

Section 275.1, Code of 1958, captioned "Declaration of policy—surveys" consists of several portions other than the one above quoted. Immediately preceding the portion above set forth appears the following: "It is further declared to be the policy of the state that all the area of the state shall be in a district maintaining twelve grades by July 1, 1962. If any area

of the state is not in such a district by July 1, 1962, it shall be attached by the county board of education to some such district * * *. Any such district or part thereof attached by·the county board of education * * * shall have the right to appeal this attachment to a court of record * * *."

Reading these two quoted portions of section 275.1, Code of 1958, together, and they must be read together if the first portion, above quoted, is to be given any intelligent meaning, the clear intent of the legislature is that where school districts or parts thereof do not maintain a twelve-grade system, such district or parts thereof may prior to 1962 be attached to a district that does maintain a twelve-grade system by the County Board of Education, and after 1962 must be so attached. When made prior to 1962 such attachment can be made only after the electors of such attached areas have voted approval thereof.

Even a casual examination of this record shows there is no merit in this assigned error. The Stanhope Community School District is maintaining a twelve-grade system and hence is not included in the areas over which a County Board is given authority to attach to a twelve-grade system. Furthermore, the present situation in no way involves an "attachment by a county board." Stanhope District became a part of the South Hamilton District under the provisions of sections 275.12 to 275.20 inclusive, and the provisions of section 275.1 are in no way applicable. Robrock v. County Board of Education, 250 Iowa 422, 94 N.W.2d 101, cited by appellants, involves an attachment by a County Board and is not in point.

II. Error is asserted in the annulling of the writ, since the joint Boards lacked jurisdiction due to a failure to hold public hearings as required by section 275.4, Code of 1958. This same issue was before this court in two recent cases, Hubka v. County Board of Education, 251 Iowa 659, 102 N.W.2d 167, and Wilkinson v. County Board of Education, 251 Iowa 876, 102 N.W.2d 924, and in each instance the decision was adverse to appellants' contention. It might be said that the instant record shows a most thorough examination of the various factors involved in the proposed reorganization of the South Hamilton District was made, not by the joint Boards in official meetings,

but by a committee of electors of the proposed district. Such information, fully tabulated, was before the joint Board at the time it took official action.

 III. The third error assigned is to the effect that under section 275.9, unless there has been a new study made, as required by section 275.4, in each instance where a change in a county plan is proposed, it is mandatory that the Board of Education dismiss the petition. It may be conceded that in the absence of initial hearings and the adoption of a county plan, a Board must dismiss any petition seeking the reorganization of a school district under this chapter of the Code. It does not however follow that once a county plan has been adopted, such plan may not be altered without a new study being necessary, as is required by section 275.4. We hold that section 275.4 does not apply to a change in an established county plan.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except OLIVER, J., not sitting.