EVA KAY et al., appellees, v. BOARD OF EDUCATION in and for POTTAWATTAMIE COUNTY, appellant.

No. 52695.

(Reported in 154 N.W.2d 137)

NOVEMBER 14, 1967.

Porter, Heithoff & Pratt, of Council Bluffs, for appellant.

Hess, Peters, Sulhoff & Walker, of Council Bluffs, for appellees.

SNELL, J.—Defendant, Board of Education of Pottawattamie County, has appealed from the Judgment and Decree of the District Court directing the County Superintendent of Schools to withdraw certification to the county auditor attaching plaintiffs' land to the York Township School District.

Plaintiffs are resident taxpayers of Pottawattamie County and own land in James Township. Defendant is the County Board of Education of Pottawattamie County.

On June 1, 1964, plaintiffs' land was part of a remnant school district of less than four government sections in James Township. This area had never been included in any school reorganization.

On June 1, 1964, defendant County Board of Education by administrative decision attached plaintiffs' land and the other lands to the York Township School District, said attachment to become effective July 1, 1964. York Township School District is not a part of any reorganized school district and does not maintain a twelve-grade school.

Plaintiffs' land is immediately adjacent to Oakland Community School District on the east. Oakland district does maintain a twelve-grade school.

On June 26, 1964, plaintiffs filed a Petition for Injunction alleging the attachment violated the provision of section 275.1, Code of Iowa (1962), and asked the court to decree the acts of defendant to be illegal, null and void and contrary to chapter 275, Code of Iowa, 1962.

A trial was held, and on August 29, 1964, the trial court ruled that the action of defendant in attaching plaintiffs' land to "York Township School District to become effective July 1, 1964, is illegal, null and void, and contrary to Chapter 275, Code of Iowa, 1962." The trial court further enjoined defendant from attaching plaintiffs' James Township land to York Township School District.

On June 2, 1964, prior to the date of filing plaintiffs' petition, defendant had filed a certification with the county auditor attaching plaintiffs' James Township land to York Township School District. This certification was never withdrawn.

Defendant appealed from the court's decree, but on June 8, 1965, the appeal was dismissed with consent of both parties.

Counsel stated in oral argument that the reason for dismissal of the appeal was the discouraging effect of the amendment to section 275.1, Code of Iowa, by the Sixty-first General Assembly. Regardless of the reason for the dismissal of the appeal the district court's order was a final order.

Defendant has never paid any attention whatsoever to the court's ruling of August 29, 1964.

On September 26, 1966, plaintiffs filed an application for an order citing defendant in contempt of court for failure to abide by the court's decree of August 29, 1964. A hearing was held on the contempt charges and on December 19, 1966, the court entered an order which "enlarged and corrected" the decree of August 29, 1964, by commanding the Pottawattamie County Superintendent of Schools to withdraw the certification from the Pottawattamie County Auditor's records which attached plaintiffs' land to the York Township School District.

The order of December 19, 1966, included the following:

"It appears from the evidence that the certification to the Pottawattamie County Auditor by the Pottawattamie County Superintendent of Schools attaching the plaintiffs' land to the York Township School District was prior to the entry of the Order of Court in this case on August 29, 1964. Therefore, the Order entered in this cause was somewhat vague as to a direction to the Defendant to remove from the County Auditor's records their certification attaching Plaintiffs' land to the York Township School District. By virtue thereof, this Court is not of the opinion that the Defendant should be punished for Contempt of Court, but at the same time, this Court intends to have its Orders and directives followed and therefore, the Court on its own motion will enlarge and correct its Order of August 29, 1964, so as to eliminate any uncertainty as to the responsibility of the Defendant.

"It Is, Therefore, Ordered, Adjudged And Decreed that the Findings of Fact, Conclusions of Law, and Decree of this Court in the above-entitled cause dated August 29, 1964, shall be and the same is hereby enlarged and corrected by adding thereto the following:

" 'It Is Further Ordered, Adjudged And Decreed that the defendant shall immediately cause the Pottawattamie County Superintendent of Schools to withdraw the certification from the Pottawattamie County Auditor's records which attaches the Plaintiffs' land to the York Township School District, and that said withdrawal shall be accomplished prior to January 1, 1967.' "

On December 28, 1966, defendant filed notice of appeal. By this notice defendant appealed from the final judgment of Decem-

ber 19, 1966, and attempted to appeal from "all rulings and orders inhering therein, and from the Findings of Fact, Conclusions of Law and Decree entered herein on August 31, 1964, and all rulings and orders inhering therein."

Plaintiffs moved to dismiss the appeal as it relates to the decree of August 31, 1964.

On February 8, 1967, there was filed herein the following order:

"ORDER DISMISSING APPEAL AS IT RELATES TO THE
DECREE OF AUGUST 31, 1964

"Plaintiff-appellees' motion to dismiss the appeal taken by defendant-appellant as it relates to the decree of August 31, 1964, together with defendant-appellant's resistance to said motion, have been duly considered and said motion is hereby sustained and said appeal is hereby dismissed insofar as it relates to claimed error in the entry of the decree of August 31, 1964.

"Done this 7th day of February, 1967.

"SUPREME COURT OF IOWA
"By, /s/ T. G. GARFIELD
"Chief Justice."

I. Defendant-appellant's statement of propositions on appeal makes no claim of error in the order of December 17, 1966, except as it relates to the 1964 trial. The 1964 proceedings are not reviewable on appeal at this time. The former appeal was dismissed and by order of our court quoted, supra, the present appeal as it relates to questions involved therein has been dismissed.

II. Appellant argues that the order of December 17, 1966, modified the former decree of August 29, 1964, in a material manner so that the entire proceedings may now be reviewed.

We find no merit in this proposition. The judgment of August 29, 1964, found appellant's actions illegal, null and void and enjoined the attachment of plaintiffs' land to York Township School District.

Appellant's officials seem to think that because they had already done what the court found they could not do they were under no duty to undo their own illegal act. From that unsound premise they argue that when the court in December 1966

directed the doing of what should have been done in 1964 there was such a material modification as to reopen the entire case. We cannot accept this argument. There was no material modification of the original findings of fact or conclusions of law. Appellant's officials knew for over two years that they were wrong. They did nothing to correct their own wrong. The decree and mandate of December 1966 implemented but did not modify the 1964 decree. It directed the doing of what should have been done in 1964. It was in the nature of a nunc pro tunc order and within the power of the court to make. See Hobson v. Dempsey Construction Co., 232 Iowa 1226, 7 N.W.2d 896; 13 Iowa Law Review 255.

Because of our conclusion that there was no material modification, discussion of authorities considering the effect of a material modification is unnecessary.

III. Appellant's other propositions relied upon for reversal relate to matters involved in the 1964 submission and are not germane to this appeal.

IV. The trial court taxed the costs to plaintiffs. Plaintiffs have not appealed. Costs on appeal are taxed to defendant.

The case is—Affirmed.

All JUSTICES concur.