SHELBY COMMUNITY SCHOOL DISTRICT, Plaintiff-Appellee,

v.

Burton HALVERSON, Superintendent of Schools of Pottawattamie County, Iowa, Defendant,

Hancock-Avoca Community School District et al., Intervenors-Appellants.

No. 52907.

Supreme Court of Iowa.

April 9, 1968.

Gamble, Riepe, Martin & Webster, Des Moines, for intervenors-appellants.

Smith, Peterson, Beckman, Willson & Peterson, Council Bluffs, for plaintiff-appellee.

George Knoke, County Atty., Council Bluffs, for defendant.

GARFIELD, Chief Justice.

This is a school reorganization controversy involving two school districts, each of which maintains a high school, and three smaller, non-high school districts. It was sought to merge the smaller districts with plaintiff Shelby Community School District by petitions for merger, signed by the requisite number of voters of each of the smaller districts, under section 275.40 Codes 1962, 1966. It was also sought to unite the same three smaller districts with Hancock-Avoca Community School District into a single district, to be known as Avoca Community School District, by reorganization under sections 275.12 to 275.23.

Shelby and Hancock-Avoca are the two larger districts each of which maintains a high school in the towns of Shelby and Avoca respectively. The three smaller districts are Minden Independent, Minden Township and York Township districts. Only the for-

mer maintains even a grade school—in the town of Minden. All high school pupils and some of grade school age in these three districts are "tuitioned out" to other districts, a majority of them to Hancock-Avoca.

Plaintiff Shelby District lies between Hancock-Avoca District on the east and Minden and York Township districts on the west. Minden Independent District is virtually surrounded by Minden Township District.

The accompanying map reproduced from exhibits certified to us should help visualize the various districts.

The Shelby District brought this action in equity to enjoin the reorganization proceeding under sections 275.12–275.23 as illegal on the ground Hancock-Avoca District is not contiguous to the area with which it was sought to be united. Section 275.11 states:

"* * * contiguous territory located in two or more school districts may be united into a single district in the manner provided in sections 275.12 to 275.23 hereof."

The accompanying map shows the only point of contact between Hancock-Avoca

District and the remaining area sought to be united with it is at the northeast corner of section 18 on the Kay farm. At this point section 18, which Hancock-Avoca District claims is part of the York Township District, corners with a portion of the former district.

The trial court held Hancock-Avoca District was not contiguous to York Township District because the only point of contact between the two was at this corner of section 18.

Hancock-Avoca and the three smaller districts together with certain members of the board of directors of each of them, have appealed to us. They intervened in the action and, together with defendant superintendent of schools of Pottawattamie County, filed answer to plaintiff's petition.

Much of appellants' brief is devoted to the proposition that the areas sought to be reorganized into a single district are contiguous although they touch only at the corner of section 18. However, the appeal presents other questions. The most important of these may as well be stated now.

I. The petition of appellant districts to unite by reorganization under Code sections 275.12 to 275.23 was filed with defendant county superintendent of schools on March 15, 1966 at 5:40 p. m. In June 1964 the owners of the Kay land in section 18 brought action against the Board of Education of Pottawattamie County to have the attachment by the board of their land to the York Township District, which was to become effective July 1, 1964, held to be illegal and to enjoin carrying it out on the ground the land was a remnant of the James District containing less than four sections which had never been included in any school reorganization and the law (section 275.1) required it to be attached to a district maintaining 12 grades. (As stated, the York district maintained no school.)

Following trial the district court on August 29, 1964 upheld the contention of the Kays, held the attachment of their land to the York District was illegal and enjoined the county board from proceeding therewith. The county board appealed the decision to us but, pursuant to stipulation of the parties, we dismissed the appeal on June 8, 1965.

Because the certification to the county auditor of the Kay land as part of the York District was not withdrawn following the above decision the Kays sought to have the county board adjudged in contempt. Although the court refused to hold the board in contempt it did order it to cause the above certification to be withdrawn immediately. Upon the board's appeal from this order we affirmed it. Kay v. Board of Education, Iowa, 154 N.W.2d 137. Referring to our dismissal of the board's appeal from the original decree of August 29, 1964, our opinion states: "Regardless of the reason for the dismissal of the appeal the district court's order was a final order." (at page 138 of 154 N.W.2d)

Significance of all this is that under the decision in the suit commenced by the Kays their land, which supplies the sole point of contact between the districts sought to be united with Hancock-Avoca District and that district, never legally became part of York Township District. It remained part of the remnant (of two sections, including the Kay 480 acres) of James Township District. This remnant was not properly part of the attempted reorganization under sections 275.12 to 275.23 since the number of signatures required by 275.12 of voters in the James remnant was not affixed to the petition.

This statute requires: "Such petition shall be signed by voters *in each existing school district affected or portion thereof* equal in number to at least twenty percent of the number of eligible voters or four hundred voters, whichever is the smaller number. School districts affected or portion thereof shall be defined to mean that area to be included in the plan of the proposed new school district." (emphasis added.)

Appellants' excellent brief concedes their petition for reorganization was one signature short of the required number if the Kay land was not part of the York District. Only one of a total of eight eligible voters in the remnant portion of the James district signed the petition. This one signer did not reside on the Kay farm.

In an attempt to avoid the effect of the decree of August 29, 1964 in the Kay case appellants make substantially the same argument our opinion in 154 N.W.2d 137, 139, rejected as unsound when advanced by the Pottawattamie County Board of Education —that the decree did not require affirmative action to undo what had already been done. The cited opinion fully answers the argument and elaboration is unnecessary.

■ The disputed issue in Kay v. County Board, decided August 29, 1964, was whether an attachment by the board under section 275.1, Code 1962 of a remnant district, containing less than four sections of land, to another district must be to one which maintains 12 grades or could the board in its discretion attach such territory to a non-high school district. (As before stated, York District to which the board attached the Kay land, maintained no school.)

We agree with the decision of August 29, 1964 that any attachment of such territory, if made, must be to a high school district and that attachment under 275.1 to a non-high school district was without legal authority. Section 275.1 itself furnishes sufficient support for this view. It provided, at the time pertinent in the Kay litigation: "If any area of the state is not in such a district (maintaining twelve grades) by July 1, 1962, it shall be attached by the county board of education to some such district * * *."

Our view also finds support in this from Peterson v. Board of Education, 251 Iowa 1306, 1309, 104 N.W.2d 821, 822, after quoting the language just set out, but from Code, 1958: "* * * the clear intent of the legislature is that where school districts or parts thereof do not maintain a twelve-grade system, such district or parts thereof may prior to 1962 be attached to a district that does maintain a twelve-grade system by the county board of education, and after 1962 must be so attached."

There is no adequate basis for claiming the Kay land or any part of the remnant James District became part of the York District except by action of the county board under 275.1.

We conclude, as before indicated, that appellants' reorganization petition did not embrace the only land claimed to be contiguous to Hancock-Avoca District. This renders unnecessary consideration of the question whether the fact the Kay farm corners with land in Hancock-Avoca District would make the farm, if it were embraced in the reorganization petition, contiguous to Hancock-Avoca.

II. Appellants contend the reorganization proceeding instituted by them under sections 275.12 to 275.23 has priority over the merger proceeding instituted under section 275.40 because their petition for reorganization was filed before the petitions for merger were filed and much of the area sought to be merged with plaintiff Shelby District is the same as that sought to be united with Hancock-Avoca District by the reorganization proceeding. It is true the reorganization petition was filed with the county superintendent of Pottawattamie County a few hours before any of the merger petitions were filed with the county superintendent of Shelby County.

The rule of law contended for is that jurisdiction over formation of a school district attaches when a petition therefor in proper form is filed with the proper officials and it continues until the proceeding is completed or abandoned, notwithstanding the later filing of another petition, as to territory included in both petitions. State ex rel. Harberts v. Klemme Community School District, 247 Iowa 48, 51–53, 72 N.W.2d 512, 514–515 and citations; Sheridan Rural Ind. No. 5 School District v. Guernsey Consol.

School District, 251 Iowa 460, 463–464, 100 N.W.2d 418, 420–421; State ex rel. Schilling v. Community School District, 252 Iowa 491, 499, 106 N.W.2d 80, 85–86.

■■ We think appellants are not entitled to the benefit of this rule since, as stated, the petition filed by them lacked the minimum number of signatures required by section 275.12, subd. 1, for uniting Hancock-Avoca District with the only part of the Minden area claimed to be contiguous to it. A petition for reorganization which fails to comply with such an essential statutory requirement is not in proper form. See in this connection Zilske v. Albers, 238 Iowa 1050, 1054, 1055, 29 N.W.2d 189, 191; Schilling case, cited last above, at page 500 of 252 Iowa, page 86 of 106 N.W.2d.

III. The final proposition appellants argue is that in any event the three Shelby merger petitions were void ab initio, without regard to the reorganization petition, because it was impossible to complete the mergers by April 1, 1966, as said to be required by chapter 240, Acts 61st G.A., now part of section 275.1, Code 1966.

■ The part of this statute on which appellants rely is:

"It is further declared to be the policy of the state that all the area of the state shall be in a district maintaining twelve grades by July 1, 1966. If any area of the state is not a part of such a district by April 1, 1966, *or is not included in a reorganization petition filed in accordance with section 275.12 on or before April 1, 1966,* the area shall be attached by the county board of education to a district, or districts maintaining twelve grades, such attachment to become effective July 1, 1966, and provided such attachment has the approval of the state board of public instruction." (emphasis added.)

We do not understand plaintiff to argue the petitions to merge the disputed territory with plaintiff under section 275.40 were filed with the county superintendent of Shelby County in time to complete the

mergers by April 1, 1966. The petitions to merge York and Minden Township districts with plaintiff were filed with the county superintendent and plaintiff's board of education in the evening of March 15, 1966. March 29 was fixed as the time for filing objections thereto. Ten days notice of such time was required and given. Section 275.-40, subd. 3. The objections which were filed were not overruled until April 2nd and copy of the order was published April 7th.

The petition to merge the remnant James District with plaintiff high school district was filed in the evening of March 18, 1966. April 5 was fixed as the time for filing objections. The objections which were filed were overruled on April 14 and the order overruling them was published April 21.

Defendant, county superintendent of Pottawattamie County, and several board members of each of the four intervening districts filed objections to the merger proceedings within the time allowed. Also the Pottawattamie County Board of Education "appealed" to the state department of public instruction from the proposed mergers. (See section 275.40, subd. 3). Apparently no election had been held on the merger proceedings in any of the non-high school districts.

The record indicates the proponents of the reorganization proposal under 275.12 to 275.23 and those proceeding under 275.40 by merger moved as fast as reasonably possible to institute and complete the procedure, after they started. Cause of the difficulty is that the merger proceedings were not commenced in time to allow completion by April 1.

Since the petition for reorganization under 275.12 was invalid for the reasons explained in Divisions I and II hereof and the petitions for merger with plaintiff under 275.40 were filed too late to permit the mergers to be completed by April 1, 1966 it is obvious the Minden area could not be and was not part of a district maintaining 12 grades by such date. It then became the mandatory duty of the county board of edu-

cation under 275.1 to attach it to such a 12-grade district or districts unless the saving clause in 275.1, quoted supra, with emphasis by us, applicable to areas included in a reorganization petition under 275.12 also applies to areas included in merger petitions under 275.40. See Board of Education of Green Mountain Independent School District et al. v. Iowa State Board, Iowa, 157 N.W.2d 919, at pages 920 and 921 of opinion filed April 9, 1968.

Plaintiff-appellee's answer to the contention of appellants we are now considering is that it was an oversight of the legislature not to extend the saving clause in 275.1 to embrace also the area included within merger petitions under 275.40 and we are urged under the doctrine of liberal construction of statutes to extend such clause to mergers as well as to reorganization petitions under 275.12.

█ It is true statutes providing for formation of school districts are to be liberally construed. Zilske v. Albers, supra, 238 Iowa 1050, 1056, 29 N.W.2d 189, 192 and citations; Branderhorst v. County Board of Education, 251 Iowa 1, 6, 99 N.W.2d 433, 436; Turnis v. Board of Education, 252 Iowa 922, 938, 109 N.W.2d 198, 208; Board of Education of Green Mountain Independent School District et al. v. Iowa State Board, supra, 157 N.W.2d 919, 923.

In support of its contention, plaintiff-appellee's brief called attention to a letter dated March 28, 1966 from the state attorney general to the state superintendent of public instruction expressing the opinion failure to include merger petitions under 275.40 in the exception found in 275.1 relating to a reorganization petition under 275.12 was a legislative oversight. The letter refers to a statement in Case v. Olson, 234 Iowa 869, 873, 14 N.W.2d 717, 719 that effect will be given to the spirit of the law rather than the letter where adherence to the letter would result in absurdity or injustice. However, we note the same opinion states "The courts confine themselves to the construction of the law as it is, not to amend or change under the guise of construction."

█ While we give due consideration to the letter of the attorney general, we conclude there are limits beyond which courts cannot go under the guise of liberal construction of statutes. We think plaintiff asks us to exceed those limits here.

Rule 344(f) 13 Rules of Civil Procedure provides this proposition is so well established that authorities need not be cited in support of it: "In construing statutes the courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said." We will, however, cite a few pertinent authorities.

Eysink v. Board of Supervisors, 229 Iowa 1240, 1244, 296 N.W. 376, 378 says: "Where the language of a statute is plain and unambiguous and its meaning clear, courts are not permitted to search for its meaning beyond the expressed terms of the statute. This court has no power to write into the statute words which are not there." Several precedents are cited. Iowa Emp. Sec. Comm. v. Marshall County, 242 Iowa 1254, 1257, 49 N.W.2d 829, 831, states: "But there are bounds beyond which the doctrine of liberal construction cannot lead us. * * It does not authorize us to read into the statute something which does not come within the reasonable meaning of the language used."

Bergeson v. Pesch, 254 Iowa 223, 227–228, 117 N.W.2d 431, 434 and citations are quite in point on principle. The opinion contains this: "Courts may, not, under the guise of construction, extend, enlarge or otherwise change the terms of a statute. (citations.)"

82 C.J.S. Statutes § 328, page 635 states this rule: "Since the court in construing a statute must ascertain and give effect to the legislative intent as expressed in the language of the statute, as a general rule the court cannot, under its powers of construction, supply omissions in a statute, especially

where it appears that the matter may have been intentionally omitted. It has been held to make no difference that the omission resulted from inadvertence, or because the case in question was not foreseen or contemplated, * * *."

This is from 50 Am.Jur., Statutes, section 387, page 404: "* * * there has been declared to be a marked distinction between a liberal construction of statutes * * * and the act of a court in ingrafting upon a law something that has been omitted, which the court believes ought to have been embraced."

IV. The trial court expressed the opinion that since the reorganization proceeding under sections 275.12 to 275.23 was invalid because the Minden area was not contiguous to Hancock-Avoca District, the latter district was without standing to challenge the proposals to merge the area with plaintiff Shelby District under 275.40. We agree the reorganization proceeding was invalid but, as stated in Division I, rest our conclusion on the ground, also raised in the trial court and here, the petition therefor lacked the signatures required by section 275.12 as to the remnant James District which includes the only part of the Minden area claimed to be contiguous to Hancock-Avoca.

However, we cannot agree appellants are without standing to challenge the validity of the merger proceedings filed under 275.40 which we hold in Division III supra were invalid because not filed in time to permit completion by April 1, 1966. No reason is apparent why appellants do not have as much standing to challenge the validity of the merger petitions as plaintiff does to challenge the validity of the reorganization proceedings. Both failed to comply with essential statutory requirements.

On the whole case we affirm the decree insofar as it invalidates the reorganization petition filed under section 275.12 (but, as stated, on a different ground than that reached by the decree), reverse the decree insofar as it holds the merger petitions were valid and appellants were without standing to challenge them, and remand the case for decree consistent herewith. Costs of appeal to be equally divided between plaintiff-appellee and intervenor-appellants.

Plaintiff-appellee's motion that appellants be required to specify which of them have taken official action to authorize this appeal is denied.

Affirmed in part, reversed in part and remanded.

All Justices concur except that LARSON, J., is unable to agree with the reasoning and conclusions reached in Division III of the opinion and therefore dissents from that portion thereof.